DEBRA D. NYE, CA BAR NO. 226076
DNYE@FOLEY.COM
**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE SUITE 300
SAN DIEGO, CA 92130-3302
TELEPHONE: (858) 847-6700
FACSIMILE: (858) 792-6773

MIRIAM CLAIRE BEEZY, CA BAR NO. 134729
MBEEZY@FOLEY.COM
JEFFREY A. KOBULNICK, CA BAR NO. 228299
JKOBULNICK@FOLEY.COM
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071
TELEPHONE: (213) 972-4500
FACSIMILE: (213) 468-0065

*Attorneys for Plaintiff NuboNau, Inc.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NUBONAU, INC.**, a California corporation,<br><br>PLAINTIFF,<br><br>v.<br><br>**NB LABS, LTD.**, a United Kingdom company, **CULT BEAUTY LIMITED**, a United Kingdom company, **DOTCOM RETAIL LTD.**, a United Kingdom company, and DOES 1 through 10,<br><br>DEFENDANTS. | **Case No:**   '10CV2631 LAB BGS<br><br>**Complaint for:**<br><br>**1) TRADEMARK INFRINGEMENT;**<br><br>**2) FALSE DESIGNATION OF ORIGIN;**<br><br>**3) FEDERAL TRADEMARK DILUTION;**<br><br>**4) TRADEMARK DILUTION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 14247;**<br><br>**5) VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.*;**<br><br>**6) COMMON LAW TRADEMARK INFRINGEMENT**<br><br>**7) FALSE ADVERTISING**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

DLMR_840067.1

1    Plaintiff NuboNau, Inc., by and for its complaint against Defendants NB

2  Labs, Ltd., Cult Beauty Limited, Dotcom Retail Ltd. and DOES 1 through 10,

3  alleges to the Court as follows:

## JURISDICTION AND VENUE

5    1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C.

6  § 1331, because this action arises under the laws of the United States — namely,

7  the Lanham Act.  This Court also has diversity jurisdiction pursuant to 28 U.S.C.

8  § 1332, as Plaintiff is a citizen of California and each of the named defendants are

9  citizens of a foreign country and the amount in controversy exceeds $75,000.  In

10  addition, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a)

11  of the related state law claims under California Business & Professions Code §§

12  14247 and 17200 *et seq.* that are factually interdependent with the federal law

13  claims, and that arise from the same case or controversy.

14    2.    Venue is proper in the Southern District of California pursuant to the

15  provisions of 28 U.S.C. § 1391(b), (c) and (d) because the defendants each have

16  significant contacts with, and thus reside in this Judicial District for venue

17  purposes, a substantial part of the events giving rise to Plaintiff's claims occurred

18  in this judicial district, and Defendants NB Labs, Ltd., Cult Beauty Limited and

19  Dotcom Retail Ltd. are foreign corporations subject to personal jurisdiction within

20  this District.

## THE PARTIES

22    3.    Plaintiff NuboNau, Inc. ("Plaintiff" or "NuboNau") is a California

23  corporation with its principal place of business in San Diego, California.

24    4.    NuboNau is informed and believes that Defendant NB Labs, Ltd.

25  ("NB Labs") is a United Kingdom company with a place of business located at 64

26  Knightsbridge, London, United Kingdom SW1X7JF.

27    5.    NuboNau is further informed and believes that Defendant Cult Beauty

28  Limited ("Cult Beauty") is a United Kingdom company with a place of business

1   located at 267 Old Brompton Road, London, Greater London SW5 9JA.

2       6.      NuboNau is further informed and believes that Defendant Dotcom

3   Retail Ltd ("Dotcom Retail") is a United Kingdom company with a place of

4   business at Gail House, Hudcar Lane, Bury, Lancashire, United Kingdom BL9

5   6EX.

6       7.      NuboNau is further informed and believes that, at all times pertinent

7   hereto Defendants NB Labs, Cult Beauty and Dotcom Retail (collectively,

8   "Defendants") have directed ongoing and substantial commercial activities toward

9   the State of California and in the County of San Diego, including without

10  limitation the Southern District of California.   Such ongoing and substantial

11  commercial activities include, but are not limited to the offering for sale and sale of

12  "NUBO" branded products to consumers within this Judicial District, including but

13  not limited to through the use of commercial websites which are accessed by

14  residents within this District, and conducting other business within the city of San

15  Diego on a daily basis through retail stores and other representatives located within

16  this city.

17      8.      Plaintiff is ignorant of the true names and capacities of the defendants

18  sued herein as DOES 1 through 10, inclusive, and therefore sues those defendants

19  by such fictitious names. Plaintiff will seek to amend this complaint to allege such

20  names and capacities as soon as they are ascertained. Plaintiff is informed and

21  believes, and on that basis alleges, that each of the fictitiously-named defendants is

22  in some manner responsible, liable, and/or obligated to Plaintiff in connection with

23  the acts alleged herein.

24                          **NATURE OF THE ACTION**

25      9.      This is an action for trademark infringement, dilution, unfair

26  competition and related claims under federal and state law, based on the blatant

27  unauthorized use of the trademark NUBO, a mark which is confusingly similar and

28  dilutive of Plaintiff's recognized and respected brand NUBONAU, in connection

2

COMPLAINT

1  with similar products as those offered by Plaintiff, and for false advertising based
2  on the intentionally false and misleading statements made by Defendants in the
3  advertisement and promotion of the NUBO products.  Plaintiff is the exclusive
4  owner of the NUBONAU mark and therefore has standing to bring this action.

5      10.    Defendant NB Labs has adopted and is using the mark NUBO in
6  connection with various skincare and cosmetic products.   NB Labs' NUBO
7  products are advertised and sold through a number of distributors and retailers,
8  including Defendants Cult Beauty and Dotcom Retail.  Plaintiff seeks injunctive
9  and monetary relief from this Court to redress Defendants' wrongful infringing and
10 dilutive use of the NUBO mark and false advertisements, all of which have caused
11 great harm to Plaintiff.

12              **THE NUBONAU TRADEMARKS**

13     11.    Husband and wife Phil and Hazel Walker created the 'NuboNau'
14 concept while still residing in England in 2007.  The NUBONAU and NUBONAU
15 ORGANIKA brands were founded from a love of all things natural and the desire
16 to connect people with the finest natural and organic brands the world has to offer.
17 The Walkers' quest was to assemble an eclectic and cosmopolitan portfolio of the
18 most potent and pure skincare brands available and present them within uniquely
19 serene and peaceful shopping environments, which they have done.

20     12.    The Walkers devoted several years of their lives and substantial
21 resources to the continued development of the NUBONAU brand.   Shortly
22 following the couple's emigration from the United Kingdom to the United States
23 and their subsequent arrival in San Diego, NuboNau, Inc. was officially
24 incorporated on January 17, 2008.   The Walkers continued to promote the
25 NUBONAU brand as synonymous with the purest skincare products available.
26 The Walkers have also expended significant effort and expense into developing
27 their own line of natural NUBONAU products.  NuboNau's first retail boutique
28 was established in August 2009 located within the upscale environment of the

1  Forum Shopping Mall in Carlsbad, California. Plaintiff also established a website

2  at www.nubonau.com through which it offers natural and organic products to

3  consumers online under the NUBONAU mark.

4      13.    Plaintiff's NUBONAU brand has achieved significant success and

5  recognition.    Plaintiff's NUBONAU products and store have been widely

6  advertised and recognized in various high-end venues and featured alongside other

7  notable high-end luxury brands, including for example Hermes, David Yurman,

8  Cartier and Louis Vuitton.   NUBONAU products have also been featured in Just

9  Luxe (www.justluxe.com), an online affluent lifestyle guide which receives more

10  than 40,000 visitors each month.

11      14.    Plaintiff owns all of the following:

12          a.     A federal U.S. trademark registration (Reg. No. 3,839,337) for

13      its NUBONAU mark for use with candles and retail store services providing

14      bath and body products, cosmetic products, beauty accessories, candles and

15      fragrances, a true and correct copy of that registration is attached hereto as

16      Exhibit 1;

17          b.     A federal U.S. trademark registration (Reg. No. 3,839,343) for

18      the mark NUBONAU ORGANIKA for use with candles made in whole or

19      substantial part of organic materials, a true and correct copy of that

20      registration is attached hereto as Exhibit 2;

21          c.     An allowed U.S. application (Serial No. 77/649,783) for the

22      mark NUBONAU for use with scented room sprays; essential oils; non-

23      medicated skin care preparations; cosmetic preparations for body care; hair

24      care preparations; bath and shower products, namely, shower and bath gels,

25      bath beads, bath lotion, bath oil, bath salts, bath powder, soaps, bubble bath,

26      and non-mediated bath preparations; and fragrances, as indicated by

27      available U.S. Patent and Trademark Office ("USPTO") records, a true and

28      correct copy of which are attached hereto as Exhibit 3.

4

DLMR_840067.1

d.     An allowed U.S. application (Serial No. 77/649,787) for the mark NUBONAU ORGANIKA for use with goods made in whole or substantial part of organic materials, namely, scented room sprays and fragrances, as indicated by available USPTO records, a true and correct copy of which are attached hereto as Exhibit 4.

15.     Plaintiff also has common law rights in the NUBONAU and NUBONAU Marks (collectively, the "NUBONAU Marks") by virtue of its extensive use of both marks in commerce.

16.     NuboNau has spent substantial sums developing and promoting its NUBONAU Marks.  The NUBONAU Marks are inherently distinctive and as a result of Plaintiff's extensive, exclusive and continuous use of the marks in connection with Plaintiff's products and business have acquired further distinctiveness in the marketplace.

17.     Further, as a result of extensive advertising, promotion and continuous use of the NUBONAU Marks by Plaintiff, and extensive favorable publicity given to the NUBONAU retail store and brand, the NUBONAU Marks have become famous and well-known among consumers.

18.     Due to NuboNau's considerable expense and effort in developing the NUBONAU Marks, the marks have acquired extremely valuable goodwill among purchasing consumers.

19.     In addition, as consumers often do, purchasers of NuboNau's products regularly refer to the NUBONAU brand in abbreviated form as "Nubo."  Thus, Defendants' use of the NUBO mark is particularly problematic as that is essentially identical to Plaintiff's brand.

## DEFENDANTS' ACTIONS

20.     Upon information and belief, among other things, Defendant NB Labs is the manufacturer of certain skincare and other cosmetic products.

21.     Upon information and belief, NB Labs markets its skincare and

5

1   cosmetic products under the brand NUBO.

2       22.   Upon information and belief, NB Labs advertises and sells its NUBO

3   branded products through various channels, including via its website at

4   www.nubobeauty.com and through third party distributors and retailers, including

5   Defendants Cult Beauty and Dotcom Retail.  Cult Beauty offers NUBO products

6   for sale through its website at www.cultbeauty.co.uk, and Dotcom Retail offers

7   NUBO products for sale through its website www.BeautyBay.com, both of which

8   are accessed by consumers worldwide.

9       23.   Upon information and belief, NB Labs filed an application to register

10   the NUBO mark with the USPTO on April 27, 2010, which has been given

11   Application Serial No. 85/024,491.  The USPTO examined NB Labs' application

12   and issued an Office Action in which it refused registration of the NUBO mark

13   based on likelihood of confusion with NuboNau's prior NUBONAU mark.  NB

14   Labs attempted to overcome that refusal but was unsuccessful as the USPTO was

15   not persuaded by its arguments and maintained the refusal.

16       24.   Upon information and belief, NB Labs began using the NUBO mark

17   in the United States in connection with its products long after Plaintiff had started

18   using the NUBONAU Marks in interstate commerce in the United States.

19       25.   Upon information and belief, NB Labs' NUBO products directly

20   compete with NuboNau's own products and target the same consumer audience.

21       26.   Upon information and belief, NB Labs was well aware of NuboNau's

22   rights to the NUBONAU Marks in the United States at the time NB Labs adopted

23   the NUBO mark for use with its own products.

24       27.   NB Labs is using a confusingly similar, if not nearly identical version

25   of the NUBONAU mark without NuboNau's prior consent and, upon information

26   and belief, with the intent to confuse consumers into believing that NB Labs'

27   products originate from or are otherwise legitimately connected with NuboNau.

28       28.   NB Labs, Cult Beauty and Dotcom Retail have all both been put on

DLMR_840067.1

1   notice of their infringement and dilutive conduct, but have refused to stop.
2   Plaintiff, through its counsel, first sent NB Labs a cease and desist letter on August
3   20, 2010 putting NB Labs on formal notice of NuboNau's rights and demanding
4   that NB Labs stop its unlawful conduct.  Likewise, NuboNau sent similar demand
5   letters to Cult Beauty and Dotcom Retail on October 11, 2010 upon learning that
6   NUBO branded products were being sold through the www.cultbeauty.co.uk and
7   www.BeautyBay.com websites to consumers in the United States.  All of the
8   Defendants continued to sell NUBO products to consumers in the United States
9   well after they received those respective letters with full knowledge and disregard
10  of Plaintiff's rights.

11          29.   Moreover, upon information and belief, on November 11, 2010, NB
12  Labs filed an additional application with the USPTO for the mark
13  NUBOLONDON (Application Serial No. 85/175,070), also for use with various
14  cosmetic and skincare products.  Based on this information, it appears that NB
15  Labs is attempting to register and use a family of marks beginning with or
16  consisting of the term NUBO in the United States with the same products as
17  NuboNau's own, in clear violation of NuboNau's rights.  Furthermore, because NB
18  Labs filed its application for the NUBOLONDON mark well after it had been put
19  on notice of NuboNau's rights, there can be no doubt that NB Labs' attempted
20  registration and use of that mark is a willful attempt to infringe and dilute the
21  NUBONAU marks with full knowledge and disregard of Plaintiff's rights.

22          30.   Although there has been subsequent correspondence between the
23  parties, NB Labs has still not agreed to stop using the NUBO mark in the United
24  States with its competing products.  It was only recently, on December 6, 2010
25  (nearly four months after first receiving Plaintiff's demand letter), that NB Labs
26  first indicated that it would temporarily refrain from distributing its NUBO
27  branded products in the United States until this dispute between the parties has
28  been resolved.  Moreover, NB Labs' indication was disingenuous, as its NUBO

1  products are still currently available for sale in the U.S. via various websites and
2  retailers, including through Cult Beauty and Dotcom Retails websites as discussed
3  above.  Thus, notwithstanding its full knowledge of NuboNau's prior rights and
4  repeated requests from NuboNau as discussed above, NB Labs has not taken
5  affirmative steps necessary to permanently cease use of the NUBO mark in the
6  United States with its products.  Plaintiff was therefore left with no choice but to
7  file this action.

## FIRST CLAIM: TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114(a))

10  31.   NuboNau repeats and realleges each and every allegation contained in
11  paragraphs 1 through 30, inclusive, as though fully set forth herein.

12  32.   The registered NUBONAU Marks are valid and protectable
13  trademarks, which NuboNau owns the exclusive right to use and enforce.

14  33.   NB Labs' use of "NUBO" in connection with its products which are
15  legally identical to those with which NuboNau uses its NUBONAU Marks, and
16  Cult Beauty and Dotcom Retail's continued distribution and sale of NB Labs'
17  NUBO products, is likely to cause confusion among consumers as to the source of
18  NB Labs' aforesaid products in violation of 15 U.S.C. § 1114(a).

19  34.   Defendants' aforesaid use of "NUBO" as a mark and sale of NUBO
20  products is causing NuboNau monetary damage and irreparable harm and resulting
21  in Defendants' enrichment.

22  35.   If the aforesaid acts are permitted to continue, NuboNau will sustain
23  further loss, damage, and irreparable injury, for which NuboNau has no adequate
24  remedy at law.

## SECOND CLAIM: FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

27  36.   NuboNau repeats and realleges each and every allegation contained in
28  paragraphs 1 through 30, inclusive, as though fully set forth herein.

8

37.     The NUBONAU Marks, in both common law and registered form, are valid and protectable trademarks which NuboNau owns the exclusive right to use and enforce.

38.     NB Labs' use of "NUBO" in connection with its products which is legally identical to those with which NuboNau uses its NUBONAU Marks, and Cult Beauty and Dotcom Retail's continued distribution and sale of NB Labs' NUBO products, is likely to cause confusion among consumers as to the source of NB Labs' aforesaid products in violation of 15 U.S.C. § 1125(a).

39.     Defendants' aforesaid use of "NUBO" as a mark and sale of NUBO products is causing NuboNau monetary damage and irreparable harm and resulting in Defendants' enrichment.

40.     If the aforesaid acts are permitted to continue, NuboNau will sustain further loss, damage, and irreparable injury, for which NuboNau has no adequate remedy at law.

## THIRD CLAIM: FEDERAL TRADEMARK DILUTION
## (15 U.S.C. § 1125(c))

41.     NuboNau repeats and realleges each and every allegation contained in paragraphs 1 through 30, inclusive, as though fully set forth herein.

42.     The NUBONAU Marks are famous and distinctive under the Lanham Act, 15 U.S.C. § 1125(c).   The advertising and publicity associated with the NUBONAU Marks has been of substantial duration and extent and NuboNau's marks have attained substantial renown in the skincare and cosmetic industries in which all of the parties to this action participate.

43.     NB Labs' use of "NUBO" in connection with its products and Cult Beauty and Dotcom Retail's continued distribution and sale of NB Labs' NUBO products is causing dilution of the distinctive quality of the NUBONAU Marks in violation of the Lanham Act, 15 U.S.C. § 1125(c).

44.     On information and belief, Defendants willfully intended to trade

9

DLMR_840067.1

1  upon the reputation of NuboNau and dilute the distinctiveness of the NUBONAU

2  Marks and consciously disregarded NuboNau's legal rights, both by (1) blurring

3  the distinctiveness and (2) tarnishing the reputation of the NUBONAU Marks and

4  products.

5       45.   Defendants' aforesaid use of "NUBO" as a mark is causing NuboNau

6  monetary damage and irreparable harm and resulting in Defendants' enrichment.

7       46.   If the aforesaid acts are permitted to continue, NuboNau will sustain

8  further loss, damage, and irreparable injury, for which NuboNau has no adequate

9  remedy at law.

10  **FOURTH CLAIM: TRADEMARK DILUTION UNDER STATE LAW**

11  **(Cal. Bus. & Prof. Code § 14247)**

12       47.   NuboNau repeats and realleges each and every allegation contained in

13  paragraphs 1 through 30, inclusive, as though fully set forth herein.

14       48.   The NUBONAU Marks are valid trademarks at common law.

15       49.   Defendants' aforesaid acts of infringement, imitation, deception and

16  misrepresentation dilute and/or create a likelihood of dilution of, the distinctive

17  quality of the NUBONAU Marks, in violation of California Business &

18  Professions Code § 14247.

19       50.   NB Labs' aforesaid use of "NUBO" as a mark and Cult Beauty and

20  Dotcom Retail's continued distribution and sale of NB Labs' NUBO products is

21  causing NuboNau monetary damage and irreparable harm and resulting in

22  Defendants' enrichment.

23       51.   If the aforesaid acts are permitted to continue, NuboNau will sustain

24  further loss, damage, and irreparable injury, for which NuboNau has no adequate

25  remedy at law.

26  ///

27  ///

28  ///

10

COMPLAINT

DLMR_840067.1

# FIFTH CLAIM: UNFAIR COMPETITION IN VIOLATION OF STATE LAW

## (Cal. Bus. & Prof. Code § 17200 *et seq.*)

52.  NuboNau repeats and realleges each and every allegation contained in paragraphs 1 through 30, inclusive, as though fully set forth herein.

53.  Defendants' aforesaid acts constitute unfair methods of competition, unfair or fraudulent business acts or practices, and unfair, deceptive, untrue or misleading advertising, in violation of California Business and Professions Code § 17200 *et seq.*

54.  Defendants have willfully engaged in said practices for their own commercial advantage knowing full well that those practices were unfair, misleading, untrue, and/or deceptive.

55.  Defendants' unlawful, unfair, fraudulent, deceptive, and misleading business practices have misled, and will continue to mislead, the public.

56.  NB Labs' aforesaid use of "NUBO" as a mark and Cult Beauty and Dotcom Retail's continued distribution and sale of NB Labs' NUBO products is causing NuboNau monetary damage and irreparable harm and resulting in Defendants' enrichment.

57.  If the aforesaid acts are permitted to continue, NuboNau will sustain further loss, damage, and irreparable injury, for which NuboNau has no adequate remedy at law.

## SIXTH CLAIM: COMMON LAW TRADEMARK INFRINGEMENT

58.  NuboNau repeats and realleges each and every allegation contained in paragraphs 1 through 57, inclusive, as though fully set forth herein.

59.  As a result of Defendants' aforesaid acts, Defendants have unlawfully infringed NuboNau's NUBONAU Marks in violation of the common law of California.

///

11

COMPLAINT

## SEVENTH CLAIM: FALSE ADVERTISING

### (15 U.S.C. § 1125(a))

60.   NuboNau repeats and realleges each and every allegation contained in paragraphs 1 through 57, inclusive, as though fully set forth herein.

61.   Upon information and belief, Defendants advertise the NUBO products as containing "no parabens, no SLS, no irritating petro-chemicals and no synthetic colours and fragrances," as shown for example on NUBO product packaging, a true and correct copy of which is attached hereto as Exhibit 5.

62.   Upon information and belief, the claim that NUBO products do not contain irritating petro-chemicals as referenced above is false and the NUBO products do contain several ingredients that are typically petroleum derived and which could cause skin irritation.

63.   Further, the statements made by Defendants as referenced in Paragraph 61 above are highly misleading in that they suggest that the NUBO products are one hundred percent (100%) natural, organic and transparent – all of which are the cornerstone of Plaintiff's own products – when in fact the NUBO products are far from natural despite having a few natural ingredients.

64.   Upon information and belief, Defendants' false and misleading advertising and promotional statements are material to consumer purchasing decisions.

65.   Upon information and belief, Defendants' conduct as aforesaid constitutes use of false designations of origin and false and misleading descriptions or representations that are likely to cause confusion, to cause mistake or to mislead in violation of 15 U.S.C. §1125(a).

66.   Upon information and belief, Defendants' statements were made with actual knowledge of their falsity or reckless disregard for the truth or falsity of the statements.

67.   Upon information and belief, Defendants' improper activities, as

DLMR_840067.1

1  described above, have been willful and deliberate, thereby making this an
2  exceptional case under the Lanham Act.

3      68.    Defendants' conduct as aforesaid has caused great and irreparable
4  injury to Plaintiff, and unless such conduct is enjoined, it will continue and
5  Plaintiff will continue to suffer great and irreparable injury.

6      69.    Plaintiff has no adequate remedy at law.

7                                    **PRAYER**

8  Wherefore, Plaintiff NuboNau, Inc. prays for judgment as follows:

9      A.    For a permanent injunction restraining NB Labs, Ltd., its agents,
10 servants, employees and attorneys and those in active concert or participation with
11 it from using or attempting to register the NUBO mark or any mark that consists in
12 whole or in part of NUBONAU or any name, mark or slogan confusingly similar to
13 that mark.

14     B.    For an Order that NB Labs expressly abandon its pending applications
15 with the USPTO for the NUBO mark (Serial No. 85/024,491) and
16 NUBOLONDON mark (Serial No. 85/175,070).

17     C.    For an Order directed to the USPTO to refuse registration of (1) the
18 NUBO mark, as shown for example in Application Serial No. 85/024,491; (2) the
19 NUBOLONDON mark, as shown for example in Application Serial No.
20 85/175,070; and (3) any other mark containing the term NUBO for use with
21 skincare or cosmetic products.

22     D.    For a permanent injunction restraining Cult Beauty Limited and
23 Dotcom Retail, their agents, servants, employees and attorneys and those in active
24 concert or participation with them from distributing, selling, advertising or
25 otherwise promoting any products under the NUBO mark or any mark that consists
26 in whole or in part of NUBONAU or any name, mark or slogan confusingly similar
27 to that mark.

28     E.    For an order from the Court requiring that Defendants and all those in

privity with them to turn over to NuboNau any materials in Defendants' possession bearing the NUBO mark, or an order that all such materials be destroyed, pursuant to 15 U.S.C. § 1118.

  F. For an award of treble the amount of all damages sustained by NuboNau as a result of Defendants' wrongful acts — including, but not limited to, an award, pursuant to 15 U.S.C. § 1117.

  G. For an accounting of Defendants' profits from its aforesaid wrongful acts, including but limited to a statement of all profits already made as a result of their sales of all NUBO branded products.

  H. For an award of enhanced damages as allowed under California law.

  I. For awards of NuboNau's reasonable attorneys' fees and costs incurred herein.

  J. For an award of prejudgment interest on all amounts Defendants are ordered by this Court to pay NuboNau according to law.

  K. For such other and further relief as the Court deems just and proper.

Dated: December 21, 2010   **FOLEY & LARDNER LLP**
            Debra D. Nye
            Miriam Claire Beezy
            Jeffrey A. Kobulnick


            By_____ /s/ DEBRA D. NYE_____
                DEBRA D. NYE
                ATTORNEYS FOR PLAINTIFF,
                **NUBONAU, INC.**

## DEMAND FOR JURY TRIAL

Plaintiff NuboNau, Inc. hereby demands a jury trial on all issues so triable.

Dated:  December 21, 2010

**FOLEY & LARDNER LLP**
Debra D. Nye
Miriam Claire Beezy
Jeffrey A. Kobulnick


By: _____/s/ DEBRA D. NYE_____
DEBRA D. NYE
ATTORNEYS FOR PLAINTIFF,
**NUBONAU, INC.**

15

COMPLAINT

EXHIBIT 1

# United States of America

## United States Patent and Trademark Office

# NUBONAU

**Reg. No. 3,839,337**

**Registered Aug. 24, 2010**

**Int. Cls.: 4 and 35**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**

NUBONAU, INC. (CALIFORNIA CORPORATION)
6150 LUSK BOULEVARD, SUITE B103
SAN DIEGO, CA 92121

FOR: CANDLES, IN CLASS 4 (U.S. CLS. 1, 6 AND 15).

FIRST USE 7-27-2009; IN COMMERCE 7-27-2009.

FOR: RETAIL STORE SERVICES PROVIDING BATH AND BODY PRODUCTS, COSMETIC PRODUCTS, BEAUTY ACCESSORIES, CANDLES AND FRAGRANCES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 8-14-2009; IN COMMERCE 8-14-2009.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-979,896, FILED 1-14-2009.

DANNEAN HETZEL, EXAMINING ATTORNEY



*Director of the United States Patent and Trademark Office*

# EXHIBIT 2

# United States of America

## United States Patent and Trademark Office

## NUBONAU ORGANIKA

**Reg. No. 3,839,343**   NUBONAU, INC. (CALIFORNIA CORPORATION)
6150 LUSK BOULEVARD, SUITE B103
**Registered Aug. 24, 2010**  SAN DIEGO, CA 92121

**Int. Cl.: 4**   FOR: CANDLES MADE IN WHOLE OR SUBSTANTIAL PART OF ORGANIC MATERIALS,
IN CLASS 4 (U.S. CLS. 1, 6 AND 15).

**TRADEMARK**   FIRST USE 7-27-2009; IN COMMERCE 7-27-2009.

**PRINCIPAL REGISTER**   THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-979,975, FILED 1-14-2009.

DANNEAN HETZEL, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# EXHIBIT 3

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2010-12-17 18:19:28 ET

**Serial Number:** 77649783 Assignment Information          Trademark Document Retrieval

**Registration Number:** (NOT AVAILABLE)

**Mark**

# NUBONAU

**(words only):** NUBONAU

**Standard Character claim:** Yes

**Current Status:** A request for the second extension of time to file a statement of use has been granted.

**Date of Status:** 2010-12-04

**Filing Date:** 2009-01-14

**The Notice of Allowance Date is:** 2009-12-15

**Transformed into a National Application:** No

**Registration Date:** (DATE NOT AVAILABLE)

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 106

**Attorney Assigned:**
HETZEL DANNEAN

**Current Location:** 710 -Divisional Unit

**Date In Location:** 2010-07-09

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. NuboNau, Inc.

**Address:**
NuboNau, Inc.
6150 Lusk Boulevard, Suite B103
San Diego, CA 92121
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** California

## GOODS AND/OR SERVICES

**International Class:** 003
**Class Status:** Active
Scented room sprays; essential oils; non-medicated skin care preparations; cosmetic preparations for body care; hair care preparations; bath and shower products, namely, shower and bath gels, bath beads, bath lotion, bath oil, bath salts, bath powder, soaps, bubble bath, and non-medicated bath preparations; fragrances
**Basis:** 1(b)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2010-12-07 - Notice Of Approval Of Extension Request E-Mailed

2010-12-04 - Extension 2 granted

2010-11-30 - Extension 2 filed

2010-11-30 - TEAS Extension Received

2010-07-10 - Notice Of Approval Of Extension Request E-Mailed

2010-07-10 - NOA E-Mailed - SOU Required From Applicant

2010-07-09 - Extension 1 granted

2010-06-14 - Extension 1 filed

2010-07-09 - Divisional processing completed

2010-06-14 - Divisional request received

2010-07-07 - Case Assigned To Intent To Use Paralegal

2010-06-14 - TEAS Request To Divide Received

2010-06-14 - TEAS Extension Received

2010-01-07 - Assigned To Examiner

2009-12-15 - NOA Mailed - SOU Required From Applicant

2009-09-22 - Published for opposition

2009-09-02 - Notice of publication

2009-08-20 - Law Office Publication Review Completed

2009-08-20 - Assigned To LIE

2009-08-17 - Approved For Pub - Principal Register

2009-08-17 - Examiner's Amendment Entered

2009-08-17 - Notification Of Examiners Amendment E-Mailed

2009-08-17 - EXAMINERS AMENDMENT E-MAILED

2009-08-17 - Examiners Amendment -Written

2009-04-01 - Notification Of Non-Final Action E-Mailed

2009-04-01 - Non-final action e-mailed

2009-04-01 - Non-Final Action Written

2009-03-26 - Assigned To Examiner

2009-02-11 - TEAS Change Of Correspondence Received

2009-01-21 - New Application Entered In Tram

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Miriam Claire Beezy

**Correspondent**
Miriam C. Beezy
FOLEY & LARDNER LLP
Suite 3500
555 South Flower Street
Los Angeles CA 90071-2411
Phone Number: 213-972-4500
Fax Number: 213-486-0065

# EXHIBIT 4

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2010-12-17 18:20:02 ET

**Serial Number:** 77649787 Assignment Information          Trademark Document Retrieval

**Registration Number:** (NOT AVAILABLE)

**Mark**

# NUBONAU ORGANIKA

**(words only):** NUBONAU ORGANIKA

**Standard Character claim:** Yes

**Current Status:** A request for the first extension of time to file a statement of use has been granted.

**Date of Status:** 2010-10-21

**Filing Date:** 2009-01-14

**The Notice of Allowance Date is:** 2010-05-18

**Transformed into a National Application:** No

**Registration Date:** (DATE NOT AVAILABLE)

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 106

**Attorney Assigned:**
HETZEL DANNEAN

**Current Location:** 710 -Divisional Unit

**Date In Location:** 2010-07-16

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. NuboNau, Inc.

**Address:**
NuboNau, Inc.
6150 Lusk Boulevard, Suite B103
San Diego, CA 92121
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** California

## GOODS AND/OR SERVICES

**International Class:** 003
**Class Status:** Active
GOODS MADE IN WHOLE OR SUBSTANTIAL PART OF ORGANIC MATERIALS, NAMELY,
SCENTED ROOM SPRAYS AND FRAGRANCES
**Basis:** 1(b)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document
Retrieval" shown near the top of this page.**

2010-10-23 - Notice Of Approval Of Extension Request E-Mailed

2010-10-21 - Extension 1 granted

2010-10-21 - Extension 1 filed

2010-10-21 - TEAS Extension Received

2010-07-17 - NOA E-Mailed - SOU Required From Applicant

2010-07-16 - Divisional processing completed

2010-06-23 - Divisional request received

2010-07-16 - Case Assigned To Intent To Use Paralegal

2010-06-23 - TEAS Request To Divide Received

2010-05-18 - NOA Mailed - SOU Required From Applicant

2010-03-23 - Notice Of Publication E-Mailed

2010-03-23 - Published for opposition

2010-02-12 - Law Office Publication Review Completed

2010-02-12 - Approved For Pub - Principal Register

2010-02-12 - Examiner's Amendment Entered

2010-02-12 - Notification Of Examiners Amendment E-Mailed

2010-02-12 - EXAMINERS AMENDMENT E-MAILED

2010-02-12 - Examiners Amendment -Written

2010-01-07 - Assigned To Examiner

2009-09-02 - Notification Of Non-Final Action E-Mailed

2009-09-02 - NON-FINAL ACTION E-MAILED

2009-09-02 - Non-Final Action Written

2009-09-01 - Previous Allowance Count Withdrawn

2009-08-28 - Withdrawn From Pub - Og Review Query

2009-08-20 - Law Office Publication Review Completed

2009-08-20 - Assigned To LIE

2009-08-17 - Approved For Pub - Principal Register

2009-08-17 - Examiner's Amendment Entered

2009-08-17 - Notification Of Examiners Amendment E-Mailed

2009-08-17 - EXAMINERS AMENDMENT E-MAILED

2009-08-17 - Examiners Amendment -Written

2009-04-01 - Notification Of Non-Final Action E-Mailed

2009-04-01 - Non-final action e-mailed

2009-04-01 - Non-Final Action Written

2009-03-26 - Assigned To Examiner

2009-02-11 - TEAS Change Of Correspondence Received

2009-01-22 - Notice Of Pseudo Mark Mailed

2009-01-21 - New Application Entered In Tram

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Miriam Claire Beezy

**Correspondent**
Miriam C. Beezy
FOLEY & LARDNER LLP
Suite 3500
555 South Flower Street
Los Angeles CA 90071-2411
Phone Number: 213-972-4500
Fax Number: 213-486-0065

# EXHIBIT 5



# NUBO

VE 110

**Ingredients:** Dimethicone, Cyclopentasiloxane, Cyclohexasiloxane, Polysilicone-11, Silica, Ethylhexyl Palmitate, Isononyl Isononanoate, Vinyl Dimethicone Crosspolymer, Triethoxy Caprylylsilane, Parfum (Fragrance), Linalool, Eugenol, Citronellol, Geraniol, Benzyl Benzoate, Silica Dimethyl Silylate, Isopropyl Titanium Trisostearate, Butylene Glycol, Caprylyl Glycol, Sodium Hyaluronate, Phenoxyethanol, Hexylene Glycol.

No parabens, No SLS,
No irritating petro-chemicals,
No synthetic colours and fragrances.

5  060183  390119 >

9M  Not tested on animals

10ml ℮ 0.35 fl. oz

www.nubobeauty.com

Made in England
NB Labs, Knightsbridge London SW1X 7JF

k1

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| NUBONAU, INC., a California Corporation | NB LABS, LTD., a United Kingdom company, CULT BEAUTY LIMITED, a United Kingdom company, DOTCOM RETAIL LTD., a United Kingdom company, and DOES 1 through 10 |

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Debra D. Nye, Foley & Lardner LLP, 3579 Valley Centre Drive, Suite 300, San Diego, CA 92130, 858.847.6700
Miriam Claire Beezy
Jeffrey A. Kobulnick, Foley & Lardner LLP, 555 South Flower Street, Suite 3500, Los Angeles, CA 90071, 213.972.4500

Attorneys (If Known)

**'10CV2631 LAB BGS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury— | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [x] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | Act | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 730 Labor/Mgmt.Reporting | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 791 Empl. Ret. Inc. | [ ] 870 Taxes (U.S. Plaintiff | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | Security Act | or Defendant) | [ ] 895 Freedom of Information |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | Act |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | 26 USC 7609 | [ ] 900Appeal of Fee Determination |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | to Justice |
| | [ ] 446 Amer. w/Disabilities - | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – | | [ ] 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
(15 U.S.C. § 1114(a))

Brief description of cause:
Trademark Infringement

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE
December 21, 2010

SIGNATURE OF ATTORNEY OF RECORD
/s/ Debra D. Nye

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:        U.S. Civil Statute: 47 USC 553
                                                         Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

American LegalNet, Inc.
www.FormsWorkflow.com