# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUBONAU, INC., etc., <br><br> Plaintiff, <br> vs. <br><br> NB LABS, LTD, etc., et al., <br><br> Defendants. | CASE NO. 10cv2631-LAB (BGS) <br><br> **ORDER RE: JURISDICTIONAL DISCOVERY** |

This is a trademark infringement case. The Plaintiff, NuboNau, is a San Diego-based retailer that sells organic skin care products. Defendant NB Labs is in the same business and behind the product brand NUBO. Defendants Cult Beauty Limited and Dotcom Retail are, allegedly, online retailers of NUBO products.

The Defendants are all United Kingdom companies, and each has filed a motion to dismiss for lack of personal jurisdiction. NB Labs argues that it sells all of its products abroad and has no contacts with California or the broader United States. (Dkt. No. 11-1.) Cult Beauty argues that its website isn't directed to the United States in any way, and that it has made only de minimum sales in California. (Dkt. No. 12-1.) Dotcom Retail's argument is a little different. It maintains that it merely owns the domain name BeautyBay.com, which it licenses to a legally separate company. (Dkt. No. 8-1.)

//

After the Defendants filed their motions to dismiss, NuboNau filed an ex parte motion seeking limited discovery relating to the Defendants' jurisdictional arguments. NuboNau claims it "has evidence that jurisdiction does exist in this matter, but requires further discovery in order to demonstrate the extent of marketing and sales of infringing NUBO products in California and the United States by Defendants." (Dkt. No. 18-1 at 1.) The Court stayed the motions to dismiss to consider the ex parte motion, which all Defendants oppose.

## I.   Jurisdictional Standards

In considering whether NuboNau is entitled to jurisdictional discovery, it is useful to keep the relevant jurisdictional standards in mind. Personal jurisdiction over a defendant is proper if it complies with a state's long-arm statute and constitutional due process standards. *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996). California's long-arm statute is co-extensive with constitutional standards, however, so it is only the latter that matter here. *See Boschetto*, 539 F.3d at 1015. "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Personal jurisdiction may be either specific or general. Specific personal jurisdiction arises when

> (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2002). General personal jurisdiction, on the other hand, arises when a defendant engages in "continuous and systematic general business contacts that approximate physical presence in the forum state." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011) (internal quotations and citations omitted). "The standard is met only by 'continuous corporate

operations within a state [that are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 579 (9th Cir. 2011) (quoting *Int'l Shoe*, 326 U.S. at 318)).  The standard for general jurisdiction "is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenneger*, 374 F.3d at 801.  NuboNau mentions both specific and general personal jurisdiction in its motion for jurisdictional discovery, but it is hard to see how general personal jurisdiction could ever be established here. (*See* Dkt. No. 18-1 at 5.)  The Defendants are all based in the United Kingdom, and there is no indication whatsoever that their operations in California or any other state, if any, are so continuous and substantial that they can be said to be physically present there.  If this Court can exercise personal jurisdiction over the Defendants, then, it will only be because NuboNau's claims truly arise out of Defendants' conduct in California.

Wholly apart from the above, jurisdiction may also arise under Fed. R. Civ. P. 4(k)(2), which is commonly known as the federal long-arm statute.  Rule 4(k)(2) "permits federal courts to exercise personal jurisdiction over a defendant that lacks contacts with any single state if the complaint alleges federal claims and the defendant maintains sufficient contacts with the United States as a whole." *Getz v. Boeing*, 654 F.3d 852, 858 (9th Cir. 2011).  For jurisdiction to arise under the Rule, the claim against the defendant must arise under federal law, the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction, and the federal court's exercise of jurisdiction must comport with due process. *Holland America Line Inc. v. Wartsila North America*, 485 F.3d 450, 461 (9th Cir. 2007).  The Rule, in essence, applies to "foreign defendants lacking sufficient contacts with any single state [who] could . . .avoid responsibility for civil violations of our federal laws." *Getz*, 654 F.3d at 859.

To defeat jurisdiction under Rule 4(k)(2), a defendant "has only to name some other state in which the suit could proceed.  If, however, the defendant contends that he cannot

be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001). If a defendant's contacts with the United States are only marginally more significant than their contacts with a given state, there is no jurisdiction under Rule 4(k)(2). *Holland America*, 485 F.3d at 461. The Rule is implicated in this case because NuboNau argues that if Defendants' contacts with California are insufficient to support personal jurisdiction, "NuboNau would be entitled to take jurisdictional discovery on Defendants' national contacts so that Defendants' violations of NuboNau's United States trademark rights do not escape enforcement under federal laws." (Dkt. No. 18-1 at 6.)

## II.   Jurisdictional Discovery Standards

Now to the matter at hand. Jurisdictional discovery "may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1997). The mere hunch that discovery "might yield jurisdictionally relevant facts" is insufficient, however. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Likewise, a court needn't permit jurisdictional discovery "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants." *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (citing *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988)). A court is justified in denying jurisdictional discovery "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).

A plaintiff who seeks jurisdictional discovery needn't first make a prima facie showing that jurisdiction actually exists. Such a showing *is* necessary to survive a motion to dismiss, and "[i]t would . . . be counterintuitive to require a plaintiff, *prior* to conducting discovery, to meet the same burden that would be required in order to defeat a motion to dismiss." *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 673 (S.D. Cal. 2001); *see also Mentor Graphics Corp. v. EVE-USA, Inc.*, Case No. 10-CV-954, 2010 WL 5173560 at *2 (D. Or. Dec.

15, 2010) (adopting reasoning of *Orchid Biosciences*).  At the same time, the plaintiff must make at least a colorable showing that personal jurisdiction exists.  *Mitan v. Feeney*, 497 F.Supp.2d 1113, 1119 (C.D. Cal. 2007).  "This 'colorable' showing should be understood as something less than a prima facie showing and could be equated as requiring the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction over the defendant."  *Id.*; *see also Martinez v. Manheim Central California*, Case No. 10-CV-1511, 2011 U.S. Dist. Lexis 41666 at *10 (E.D. Cal. Apr. 18, 2011) (noting that "district courts in this circuit have required a plaintiff to establish a 'colorable basis' for personal jurisdiction before discovery is ordered").

A court's denial of a plaintiff's request for jurisdictional discovery "will not be reversed except on the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant."  *Data Disc*, 557 F.2d at 1285 n.1.

### III.  Jurisdictional Bases

In light of the above standards, the merits of NuboNau's request for jurisdictional discovery depends heavily on the information it has, now, to support this Court's exercise of personal jurisdiction over the Defendants.  The more information it has, the more plausible personal jurisdiction is, and the more legitimate the request for limited, jurisdictional discovery will be.  The less information NuboNau has, however, the more the request looks like a simple fishing expedition.

As of May 2011, NuboNau contends that NUBO products were available for online purchase at www.amazon.com and www.myskin.com, with no indication that they could only be shipped to locations outside the United States. (Dkt. Nos. 18-9, 18-10.) NB Labs claims NUBO products are only available on Amazon through a UK retailer's "storefront." The Court actually can't tell who is right — although its own search for NUBO products in Amazon's "Health and Personal Care" department turns up only two products, both under the Klaire Labs brand.  In any event, NuboNau does not allege that these online retailers actually shipped NUBO products to buyers in the United States.

//

NuboNau also contends that NB Labs hired a public relations firm in the United States, Pierce Mattie, to promote NUBO products. (Dkt. No. 18-11.) NB Labs flatly denies the connection: "NB Labs has no relationship with Pierce Mattie PR or any PR companies based in the United States. NB Labs has never hired any US-based PR firm." (Dkt. No. 20-1 ¶ 11.) The Court takes NB Labs' word on this. The Pierce Mattie Facebook page submitted by NuboNau contains a post about a "Nubo Beauty" skin care line, but this is no sure sign that NB Labs actually retained Pierce Mattie to promote its NUBO products.

In July 2010 NB Labs attended a beauty industry trade show in Las Vegas, Cosmoprof, where it rented a booth and promoted NUBO products. (Dkt. Nos. 18-13, 18-14, 18-15.) NuboNau takes this to be potential evidence that NB Labs was selling or trying to sell NUBO products in the United States. On the other hand, Cosmoprof was a business-to-business trade show, closed to members of the public, at which retails sales were prohibited. (Dkt. No. 20-1 ¶ 5.) It also had a global scope; the conference billed itself as "the ideal platform for high-quality business-to-business activities for beauty companies from the entire Americas and the world beyond." (Dkt. No. 18-14.)

NuboNau accuses NB Labs of trying to "expand its presence in North America" by distributing its products through the high-end retailers Henri Bendel and The Plaza Hotel. (Dkt. No. 18-16, 18-17, 18-18, 18-19.) After receiving cease-and-desist letters, Henri Bendel responded by letter that it "never placed an order with NB Labs and . . . was advised by NB Labs prior to your letter that there was a trademark issue that required resolution prior to moving forward." (Dkt. No. 18-19.) The Plaza Hotel responded that it would "not go forward with the distribution of any products that are the subject of the potential infringement." (Dkt. No. 18-18.) The record is unclear as to whether The Plaza Hotel even placed an order for NUBO products with NB Labs. And NB Labs maintains that its contacts with these retailers were prior to its knowledge of NuboNau's trademark, and halted when it became acquired that knowledge.

Finally, in November and December of 2010, NuboNau commissioned an investigator to attempt purchases of NUBO products in the United States from several online retailers,

all based in the United Kingdom: (1) www.lookfantastic.com; (2) www.lookmantastic.com; (3) www.beautybay.com, which is tangentially related to Defendant Dotcom Retail; and (4) and Defendant www.cultbeauty.co.uk. (*See* Dkt. No. 18-5.) The November purchases were all successful, but the December purchase from BeautyBay was not. (*Id.*) The investigator also placed a successful phone order with United Kingdom-based Harrod's in November, and an unsuccessful order in December. (*Id.*) NuboNau also tries to make something of the fact that these products, or other NUBO products, are manufactured in the United States, although that is of minimal jurisdictional significance in a trademark infringement case.

**IV.   Discussion**

One problem with NuboNau's request for jurisdictional discovery is that it lumps all of the Defendants together, even though the arguments for jurisdictional discovery as to each Defendant are not equally strong. The Court will address each individually.

**A.   Dotcom Retail**

While Dotcom Retail's argument for dismissal is that it has no legal responsibility for the BeautyBay website, it appears willing to stand in the place of BeautyBay for the purpose of NuboNau's request for jurisdictional discovery.

NuboNau's only basis for seeking jurisdictional discovery from Dotcom Retail is the fact that its investigator bought two NUBO product from the BeautyBay website and had one successfully shipped to her California office. By itself, this kind of orchestrated purchase cannot give rise to personal jurisdiction over Dotcom Retail in California. *Millennium Enters., Inc. v. Millennium Music, LP*, 33 F.Supp.2d 907, 911 (D. Or. 1999). There can't be personal jurisdiction *in* a forum without purposeful availment *of* that forum, and the purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result . . . of the unilateral activity of another party or third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). The question, then, is whether the investigator-initiated sales give rise to more than a hunch that the requested discovery will "yield jurisdictionally relevant facts." *Boschetto*, 539 F.3d at 1020.

//

Yes, but barely. On the basis of two sales to a California buyer, only one of which was actually delivered, NuboNau is simply not entitled to the expansive discovery it seeks: one 30(b)(6) deposition, thirteen requests for documents, and eight interrogatories on the subject of Dotcom Retail's contacts in California and throughout the United States. Without any evidence that Dotcom Retail has sold NUBO products outside of California in the United States, NuboNau has made no colorable showing that jurisdiction arises here pursuant to Rule 4(k)(2). It is therefore not entitled to discovery on Dotcom Retail's contacts in the broader United States. Dotcom Retail does concede that it made sales outside of California. (Dkt. No. 19 at 2; Dkt. No. 8-2.) But the number of such sales — three — is only marginally more significant than its California sales, and thus could not support a finding of national jurisdiction where there is no personal jurisdiction. *Holland America*, 485 F.3d at 461. Moreover, in correspondences with counsel for Dotcom Retail, counsel for NuboNau suggests that jurisdictional discovery of Dotcom Retail's contacts throughout the United States is necessary for "a determination of the best venue in the United States for this lawsuit." This is not a valid basis for the nation-wide discovery NuboNau seeks, nor is the fact that Dotcom Retail invoked Rule 4(k)(2) in its motion to dismiss. The fact is that NuboNau makes no showing whatsoever that jurisdiction is appropriate here under Rule 4(k)(2), and seeks relevant discovery only on the "bare allegation," in the face of denials by Dotcom Retail, that such jurisdiction exists. *Terracom*, 49 F.3d at 562.

Finally, the Court notes that, in an email correspondence with counsel for NB Labs and Cult Beauty *after* the motions to dismiss were filed, counsel for NuboNau originally requested information "specifically related to your client's connections to California, including any efforts to market or sell its products to consumers in California." No request was made for nationwide discovery, even though NuboNau was aware at the time that Defendants were arguing against federal jurisdiction under Rule 4(k)(2). Jurisdictional discovery is warranted when "pertinent facts bearing on the question of jurisdiction are *controverted* . . . ." *Data Disc*, 557 F.2d at 1285 n.1 (emphasis added). It's not warranted when a plaintiff has no facts to support jurisdiction and is simply in search of some.

In a June 7, 2011 letter to counsel for NuboNau, counsel for Dotcom Retail offered "to provide written responses to the proposed written interrogatories and document requests to the extent they request information regarding contacts with California." (Dkt. No. 18-3.) Counsel objected, however, to producing a deposition witness, and objected also to the interrogatories and document requests "to the extent they broadly ask about contacts of the Defendants with the United States." (*Id.*) Dotcom Retail's position is reasonable in light of the thin colorable showing of personal jurisdiction NuboNau has made. NuboNau's motion for jurisdictional discovery from Dotcom Retail is therefore **GRANTED IN PART AND DENIED IN PART**. Dotcom Retail shall respond to NuboNau's thirteen document requests and eight interrogatories to the extent they request information regarding contacts with California.

### B.   Cult Beauty

A similar analysis applies to NuboNau's request for discovery from Cult Beauty. Other than the two NUBO purchases made by NuboNau's California-based investigator, NuboNau has no evidence that Cult Beauty sold products in California, or elsewhere in the United States. (Dkt. No. 18-5.) That entitles NuboNau only to the limited discovery that Cult Beauty has already offered to provide: responses to its document requests and interrogatories with all responses limited to Cult Beauty's contacts in California. NuboNau's request for jurisdictional discovery from Cult Beauty is therefore **GRANTED IN PART AND DENIED IN PART**.

### C.   NB Labs

NuboNau is certainly entitled to as much discovery from NB Labs as it is from the other Defendants. That means NB Labs, as it offered, should respond to NuboNau's document requests and interrogatories, with all responses limited to California. The Court does not find that a 30(b)(6) deposition is warranted, considering the additional costs that would impose and the minimal additional information it is likely to yield.

The remaining question is whether the additional facts alleged against NB Labs constitute "some evidence" to establish *federal* personal jurisdiction such that NuboNau is

entitled to *nationwide* information in NB Labs' document production and interrogatory answers. *See Mitan*, 497 F.Supp.2d at 1119.  There's no doubt that NuboNau overstates the evidence of national contacts it does have. NB Labs explicitly disavows any relationship with the public relations firm Pierce Mattie, and in a trademark infringement case like this one the mere fact that some of Defendants' products are manufactured in the United States is insignificant.  At the same time, the availability of NUBO products on www.amazon.com and www.myskin.com, NB Labs' participation in a Las Vegas trade show in which it promoted NUBO products in an American market, and NB Labs' efforts to sell NUBO products in Henri Bendel and The Plaza Hotel  are evidence of national contacts that go beyond NB Labs' contacts with California.  The Court well understands NB Labs' explanations as to each of these  — the items were offered on Amazon through a UK-based seller, the trade show was a business-to-business affair and did not involve retail sales, and its outreach to Henri Bendel and The Plaza Hotel preceded its knowledge of NuboNau's trademark — but these go more to the final jurisdictional analysis than the question whether NuboNau is entitled to some nationwide discovery.  While NuboNau's claim of federal personal jurisdiction is weak, the Court does not find it to be so "bare" that its request for limited, nationwide discovery should be denied.  *See Terracom*, 49 F.3d at 562.  NB Labs surely has more substantial contacts with the United States than Dotcom Retail or Cult Beauty, and accordingly, it can go to the extra trouble of incorporating national information in its document production and answers to NuboNau's interrogatories.

**V.     Conclusion**

All Defendants, as they originally offered, must respond to NuboNau's document requests and interrogatories insofar as they seek information about contacts with California. NB Labs must also provide information about contacts with the broader United States. NuboNau is not entitled to a 30(b)(6) deposition of any Defendant.

Defendants should produce all relevant discovery within 30 days of the date this Order is entered.  Two weeks from that date, NuboNau must file an opposition — in a single pleading — to Defendants' motions to dismiss.  Defendants will then have one week to file

a reply. The Court will not set a new hearing date on the motions to dismiss because it is confident they can be resolved on the papers alone.

**IT IS SO ORDERED**.

DATED: October 31, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge