**CONTAINS HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY INFORMATION**

1  MICHAEL A. PAINTER, Bar #43600
   painter@ikplaw.com
2  ISAACMAN, KAUFMAN & PAINTER
   10250 Constellation Boulevard, Suite 2900
3  Los Angeles, California  90067
   (310) 881-6800 - Telephone
4  (310) 881-6801 - Facsimile

5
   CHARLES J. MEYER (pro hac vice)
6  cjmeyer@uspatent.com
   WOODARD, EMHARDT, MORIARTY, McNETT & HENRY
7  111 Monument Circle, Suite 3700
   Indianapolis, Indiana 46204
8  (317) 713-4934 - Telephone
   (317) 637-7561 - Facsimile
9

10 Attorneys for Defendant Dotcom Retail Ltd.

11                    UNITED STATES DISTRICT COURT

12                    SOUTHERN DISTRICT OF CALIFORNIA

13 | NUBONAU, INC., a California corporation, ) | Case No. **10-CV-2631 LAB BGS**
14 |                                          ) |
   |                Plaintiff,                ) | **DEFENDANT DOTCOM RETAIL LTD'S**
15 |                                          ) | **REPLY IN SUPPORT OF ITS MOTION TO**
   |          vs.                             ) | **DISMISS FOR LACK OF PERSONAL**
16 |                                          ) | **JURISDICTION**
   | NB LABS, LTD., a United Kingdom          ) |
17 | company, CULT BEAUTY LIMITED,            ) | **[FRCP 12(b)(2)]**
   | a United Kingdom company, DOTCOM         ) |
18 | RETAIL LTD., a United Kingdom company,   ) | [No Hearing Pursuant to Dkt. No. 24]
   | and DOES 1 through 10,                   ) |
19 |                                          ) | Assigned to the Hon. Larry Alan Burns
   |                Defendants.               ) |
20 |                                          ) | Action Filed:  December 21, 2010
21 |                                          ) |
   |                                          ) |
22 |                                          ) |     [Redacted Version]
   |                                          ) |
23 |_____) |

**CONTAINS HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY INFORMATION**

# INTRODUCTION

Dotcom Retail's connection to this case is that its subsidiary BeautyBay.com Ltd. operates the website beautybay.com in the United Kingdom and was involved in shipping five (5) Nubo products to the US worth less than $800, including two sales orchestrated by Plaintiff. Despite conducting jurisdictional discovery and now submitting a response and exhibits totaling more than 600 pages, Plaintiff NuboNau is unable to dispute the fundamental fact that Dotcom Retail is a foreign holding company located in the United Kingdom that does not make or sell any products and which has no contacts with California or the United States. At best, Plaintiff baldly speculates that BeautyBay.com Ltd. is the "alter ego" of Dotcom Retail. NuboNau bases its speculation solely on the fact that Dotcom Retail and BeautyBay.com have shared directors and shared addresses, but those facts do not even create a colorable argument that an alter ego relationship exists.

NuboNau bases its entire argument regarding Dotcom Retail on the flawed premise that an alter ego relationship has been proven and relies on information about BeautyBay.com to assert that unrelated contacts with California and the United States support specific jurisdiction. NuboNau does not address and appears to concede that general personal jurisdiction could not be proven under California's long-arm statute or the Federal long-arm statute (Rule 4(k)(2)). Instead NuboNau focuses on arguing that specific personal jurisdiction exists. Given that an alter ego relationship has not been shown and that BeautyBay.com is not a party to this case, the Court does not need to even address whether BeautyBay.com's contacts with California or the United States are enough to support personal jurisdiction over it. Nevertheless, even assuming that BeautyBay.com's contacts could be attributed to Dotcom Retail, NuboNau has not shown that sufficient minimum contacts *related to this cause of action* exist so that BeautyBay.com would be subject to jurisdiction.

A. **NO BASIS EXISTS TO ASSERT JURISDICTION OVER DOTCOM RETAIL**

The Declaration of David Gabbie explains that Dotcom Retail does not make or sell any products. Dotcom Retail is a United Kingdom holding company with no business addresses,

**CONTAINS HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY INFORMATION**

employees, bank accounts, physical presence, or real property in California or the United States. (Dkt. 8-1) Dotcom Retail's responses to NuboNau's requested discovery reaffirm this declaration. (Dkt. 34.5 Ex. 7 and Dkt. 34.6 Ex. 18) NuboNau does not submit any evidence whatsoever to controvert these facts. This alone is sufficient to conclude that Dotcom Retail is not subject to jurisdiction under California's long-arm statute or under Rule 4(k)(2).

Apparently conceding that Dotcom Retail is not directly subject to personal jurisdiction in California or the United States, NuboNau resorts to speculating that Dotcom Retail and BeautyBay.com are "simply alter egos for the Gabbie brothers." (Dkt. 34, p.12)[1] Evidence submitted by NuboNau establishes that Dotcom Retail and BeautyBay.com each exist as separate and distinct corporations. (Dkt. 34.6, Exs. 16-17) Yet in attempting to disregard this, the *only* facts that NuboNau identifies are that BeautyBay.com is wholly owned by Dotcom Retail, Ltd., that both companies share the same address and that they have common directors of Aaron and David Gabbie.

NuboNau is attempting to overcome a bedrock corporate principle that a parent company is not liable for acts of its subsidiaries:

> It is a general principle of corporate law deeply "ingrained in our economic and legal systems" that a parent corporation (so-called because of common control through ownership of a another corporation's stock) is not liable for the acts of its subsidiaries.

*US v. Bestfoods et al.,* 524 U.S. 51, 61 (1998). Correspondingly, any jurisdictional contacts of BeautyBay.com can not normally be attributed to Dotcom Retail:

> It is well established that, as a general rule, where a parent and subsidiary are separate and distinct corporate entities, the presence of one, i.e., [the subsidiary], in a forum state may not be attributed to the other, i.e. [the parent].

*Holland America Line Inc., v. Wartsila North America, Inc. et al.*, 485 F.3d 450, 459 (9th Cir. 2007); *Ecodisc Technology AG v. DVD Format/Logo Licensing Corp. et al*, 711 F.Supp.2d 1074, 1089 (C.D. Cal. 2010)

---

[1] This reference characterizing the companies as alter egos of the Gabbies personally differs from other references where NuboNau seems to assert that the BeautyBay.com company is an alter ego of the Dotcom Retail company.

**CONTAINS HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY INFORMATION**

An "alter ego" exception can apply if a plaintiff can show, "(1) that there is such unity of interest and ownership that separate personalities [of the two corporations] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." *Cargnani v. Pewag Austria GmbH et al*, 2007 WL 415992*6 (E.D. Cal. 2007) *citing, AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996). However, there is a general presumption in favor of respecting the corporate entity. *Id.*

Examples of factors that *might* support an alter ego theory would be that a parent and subsidiary have common business departments, whether the parent finances the subsidiary, whether the subsidiary is inadequately capitalized, whether the companies file consolidated financial statements and tax returns, whether they have a joint payroll or accounting system, whether the subsidiary operates merely as a division of the parent, whether the subsidiary obtains all of its business from the parent, whether the companies have joint bank accounts or the parent uses the subsidiary's property as its own, whether the corporations fail observe corporate formalities, etc. NuboNau has not alleged or submitted even a scintilla of evidence to support any of these factors.

The facts that BeautyBay.com is wholly owned by Dotcom Retail, that both companies share the same address and that they have common directors are simply insufficient to provide even colorable support for an alter ego theory. Courts from the Supreme Court down have repeatedly held that ownership and overlapping directors is entirely appropriate:

> it is entirely appropriate for directors of a parent corporation to serve as directors of its subsidiary, and that fact alone may not serve to expose the parent corporation to liability for its subsidiary's acts. [citations omitted]
>
> This recognition that the corporate personalities remain distinct has its corollary in the "well established principle [of corporate law] that directors and officers holding positions with a parent and its subsidiary can and do 'change hats' to represent the two corporations separately, despite their common ownership." Since courts generally presume "that the directors are wearing their 'subsidiary hats' and not their 'parent hats' when acting for the subsidiary," it cannot be enough to establish liability here that dual officers and directors made policy decisions and supervised activities at the facility.. [citations omitted]

**CONTAINS HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY INFORMATION**

*Bestfoods*, 524 U.S. at 69-70; *Cannon Mfg. Co. v. Cudahy Packing Co.,* 45 S.Ct. 250, 251 (1925) (the presence of a subsidiary in a forum state may not be attributable to the parent.); *Doe v. Unical Corp.,* 248 F.3d 915, 926-31 (9th Cir. 2001) (acts of subsidiary could not be attributed to parent to obtain personal jurisdiction even where board of directors overlapped, parent provided loans to subsidiary, and parent was involved in subsidiary's acquisition decisions and formulation of business strategies, concluding that plaintiff's evidence showed only that defendant was an "active parent corporation involved directly in decision-making about its subsidiaries' holdings."); *Cargnani* 2007 WL 415992 *6 ("It is well established that mere presence on the board of a subsidiary by a director of the parent is insufficient to make the subsidiary an 'alter ego.'") *citing Kramer Motors Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177 (9th Cir. 1980).

NuboNau's allegation of an "alter ego" relationship is simply that - an allegation. It is devoid of any detailed facts which would even colorably support such a theory[2]. Accordingly, NuboNau's attempt to attribute contacts of BeautyBay.com to Dotcom Retailfails.

## B.  EVEN IF CONSIDERED, BEAUTYBAY.COM DOES NOT HAVE SUFFICIENT CONTACTS TO SUPPORT JURISDICTION

Since an alter ego relationship has not been shown and since BeautyBay.com is not a party to this case, the Court does not need to even consider whether BeautyBay.com's contacts with California or the United States are enough to support personal jurisdiction. Nevertheless,

---

[2] NuboNau asserts that, "it should be entitled to further discovery on the alter-ego issue if the Court rules that Dotcom does not have sufficient contacts with the United States to sustain personal jurisdiction in this Court for Dotcom." (Dkt. 34, p12 n4) This claim of entitlement is improper. First, to the extent the assertion is intended to be a motion for further discovery, it should properly be made as a separate motion. *See, Autogenomics, Inc. v. Oxford Gene Tech Ltd.,* 566 F3d 1012, 1022, (Fed. Cir. 2009) (it is not an abuse of discretion under Ninth Circuit law to deny a discovery request embedded in a brief "if the Court is not completely convinced of jurisdiction" when a formal motion was never made.)  Second, NuboNau's assertion of entitlement does not even attempt to explain how discovery would be likely to demonstrate facts sufficient to constitute a basis for jurisdiction. *Id.* Third, NuboNau's hindsight request is untimely. NuboNau hypothesized its alter-ego theory at least by May 9, 2011. (Ex. A, pg. 2) On June 14, 2011 NuboNau sought and was granted jurisdictional discovery. *Indeed, Dotcom Retail agreed to answer every interrogatory and document request that NuboNau requested*. NuboNau should not now be heard to assert that it can impose even more disruption and cost on Dotcom Retail by claiming that it is "entitled" to even more discovery.

even assuming *arguendo* that BeautyBay.com's contacts could be attributed to Dotcom Retail, jurisdiction over Dotcom Retail would only exist if BeautyBay.com was itself subject to jurisdiction in California and the United States. NuboNau has not shown that BeautyBay.com[3] has the minimum contacts to support such jurisdiction.

### 1. Legal Standard

While briefly citing California's long-arm statute, NuboNau focuses its arguments on Rule 4(k)(2). NuboNau accurately explains that the due process analysis under Rule 4(k)(2) is nearly identical to a traditional personal jurisdiction analysis with a difference that contacts with the nation as a whole are considered rather than contacts with one state; however, the standard under Rule 4(k)(2) is difficult to meet. As commented by the Ninth Circuit in 2007, "Indeed, in the fourteen years since Rule 4(k)(2) was enacted, none of our cases have countenanced jurisdiction under the rule." *Holland America*, 485 F.3d at 462; *Ecodisc Tech. Ag v. DVD Format/Logo Lic. Corp.*, 711 F.Supp.2d 1074, 1087 n.4 (C.D.Cal. 2010) ("Rule 4(k)(2) applies in rare situations.")

### 2. General Jurisdiction

NuboNau does not address and appears to concede that general personal jurisdiction could not be proven under California's long-arm statute. As already observed by this Court, proving general jurisdiction in California "is an exacting standard" and would require the Plaintiff to prove "continuous and systematic general business contacts that approximate physical presence in the forum state." NuboNau does not contend that BeautyBay.com has contacts in California approximating a physical presence. Indeed, the Court has already

---

[3] NuboNau's persistent mischaracterization of Defendant as BeautyBay.com/Dotcom is improper since any contacts of BeautyBay.com can not properly be attributed to Dotcom Retail. References to contacts of BeautyBay.com/Dotcom should be interpreted as referring only to BeautyBay.com. Further, NuboNau makes mischaracterizations such as, "Dotcom responds for itself and BeautyBay.com …" or that "Dotcom admits that BeautyBay.com …" As clearly explained in the discovery responses, "as a professional courtesy to advance this litigation, BeautyBay.com is separately and voluntarily providing responses to these requests. The voluntary production of information should not be construed as any waiver of objections or as any admission that BeautyBay.com's actions or information can be attributed to Dotcom Retail." (Dkt. 34.5 Ex. 7 and Dkt. 34.6 Ex. 18)

CONTAINS HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY INFORMATION

observed that, "it is hard to see how general personal jurisdiction could ever be established here." (Dkt. 24, p.3)

NuboNau also concedes that general jurisdiction could not be proven under Rule 4(k)(2). NuboNau makes no credible allegation that BeautyBay.com's contacts with the United States as whole would approximate a physical presence in the United States. As observed by this Court:

> The Defendants are all based in the United Kingdom, and there is no indication whatsoever that their operations in California *or any other state*, if any, are so continuous and substantial that they can be said to be physically present there. If this Court can exercise personal jurisdiction over the Defendants, then, it will only be because NuboNau's claims truly arise out of Defendants' conduct in California.

(Dkt. 24, p.3, emphasis added)

### 3. Specific Jurisdiction

Fundamentally, "specific jurisdiction is tethered to a relationship between the forum and the claim." *Holland America*, 485 F.3d at 460. In other words, specific jurisdiction is tethered to a relationship between California or the United States and sales of Nubo-branded products. Ignoring this, NuboNau argues that various contacts of BeautyBay.com *unrelated* to the claim support specific jurisdiction under Rule 4(k)(2). NuboNau ignores the ultimate fact that literally only a handful of Nubo products at issue were shipped by BeautyBay.com to the United States and that *this entire case with respect to Dotcom Retail or BeautyBay.com involves five Nubo product sales – two orchestrated by Plaintiff- totaling less than $800*. These are the only contacts that are directly related to the underlying cause of action; however, these *de minimus* sales do not justify a conclusion that specific jurisdiction exists.

NuboNau states that, "Plaintiff has no information about whether BeautyBay.com sold Nubo products to any U.S. customers outside California." (Dkt. 34, p.14) This is false. By letter of April 6, 2011 counsel informed NuboNau that, "BeautyBay.com has had a total of five (5) sales of NUBO products to customers in the United States, totaling a gross sales value of approximately £470." (Dkt.8-2) This was affirmed in Dotcom Retail's Opposition to discovery (Dkt. 19), and recognized by the Court in its jurisdictional order (Dkt. 24). The Court

recognized that the two sales of Nubo products which NuboNau's California agents orchestrated do not support jurisdiction.(Dkt. 24, p.7)  Further, with respect to the other three sales of Nubo Products by BeautyBay.com in the United States, "the number of such sales – three – is only marginally more significant than its California sales and thus could not support a finding of national jurisdiction where there is no personal jurisdiction." (Dkt. 24, p.8)

    NuboNau attempts to establish that BeautyBay.com (and the actual defendants) purposefully directed and expressly aimed activities at California and the United States, that these activities are sufficiently related to the underlying causes of action and that jurisdiction is reasonable under due process.  However, reliance on *unrelated* contacts to support a claim for specific jurisdiction is improper.  A specific jurisdiction analysis excludes contacts with a forum state that are merely incidental to the defendant's "overall corporate activities." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1085 (C.D. Cal. 2003).

    NuboNau does not identify any actions regarding Nubo products that BeautyBay.com physically took place or were aimed at California.  At best NuboNau identifies unrelated contacts, but even such contacts are sporadic, insubstantial and irrelevant.[4]  For example:

    1.    BeautyBay.com's website in the United Kingdom is not aimed at the United States.  Sales of unrelated products sold via the beautybay.com website and shipped to California residents are irrelevant and *de minimus*, i.e. between April 2009 and December 2010 shipments to California represented                of BeautyBay.com's total sales. (Dkt. 34.6,  p.618)  *Life Alert Emergency Response, Inc. v. Lifealert Security, Inc.,* 2008 WL 5412431 *4 (C.D. Cal. 2008) ("The mere maintenance of an interactive website, without consummated commercial activity, is not sufficient to establish specific personal jurisdiction over Defendant.")

---

[4] Notably, the majority of NuboNau's arguments regarding activities purposefully directed at this forum, such as intentional acts, express aiming, interactivity, commercial ambitions, individual targeting and causing harm likely to be suffered in the forum state, discuss NB Labs but are silent as to the other Defendants or BeautyBay.com. (Dkt. 34, pp. 20-24)

2. BeautyBay's advertising via a worldwide Google program shows traffic attributable to persons in California accounts for ▓▓▓▓▓▓ of BeautyBay.com's total traffic attributable to the advertising program,[5] and BeautyBay.com has paid Google ▓▓▓▓▓▓ for traffic attributable to persons in California. (Dkt. 34.6, p.624) This worldwide program with minimal California contacts does not show targeting or purposeful availment in California. *See, Neuromechanical LLC v. Kiro Kids Pty Ltd, et al,* 2011 WL 333337 *3-4 (D.Ariz. 2011) (nationwide advertisements do not constitute "individualized targeting"; for example when an email listserv had only approximately 1% of subscribers in the forum "there was no reason to conclude that Defendants purposefully directed their efforts at Arizona residents.")

3. While BeautyBay.com may have agreements and periodically purchases unrelated products or services from California vendors, that is insufficient to satisfy the requirements of due process. As the Court already stated, "in a trademark infringement case like this one the mere fact that some of [NB Labs' NUBO branded] products are manufactured in the United States is insignificant." (Dkt. 24, at 10) As applied to BeautyBay.com, the mere fact that unrelated products may be sold to BeautyBay.com by companies with locations in California is of even less significance. *See, e.g., Helicopteros Nacionales, v. Hall*, 466 US 408 (1984) (purchasing helicopters, equipment and training services from a Texas manufacturer, a

---

[5] NuboNau incorrectly asserts that Google advertisements from BeautyBay.com:


**CONTAINS HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY INFORMATION**

corporate officer visiting Texas to negotiate a contract, sending personnel to Texas for training and accepting checks from a New York bank was insufficient contacts under due process).

4. Accounts with worldwide internet service providers such as Facebook and Twitter, even if their non-negotiable terms of service specify California for account related disputes, does not show targeting or purposeful availment of California for specific jurisdiction in this dispute. *See, Pebble Beach Co. v. Caddy*, 45 F.3d 1151, 1159 (9th Cir. 2006) (rejecting suggestion that selection of ".com" domain name is an indicator of express aiming at the United States.); *Life Alert Emergency Response, Inc.,* 2008 WL 5412431 *4 (agreement to California jurisdiction in Google Analytics' Terms of Service is irrelevant to specific jurisdiction regarding unrelated disputes.)

## CONCLUSION

For the reasons discussed herein and in Dotcom Retail's initial memorandum, NuboNau has failed to show that personal jurisdiction exists over Dotcom Retail either under California law or under Rule 4(k)(2). Dotcom Retail's motion to dismiss for lack of personal jurisdiction should be granted, and Plaintiff's Complaint against it should be dismissed.

DATED: December 21, 2011                ISAACMAN, KAUFMAN & PAINTER

By:  /s/ Charles J. Meyer
MICHAEL A. PAINTER, Bar #43600
painter@ikplaw.com
ISAACMAN, KAUFMAN & PAINTER
10250 Constellation Boulevard, Suite 2900
Los Angeles, California 90067
(310) 881-6800 - Telephone
(310) 881-6801 - Facsimile

CHARLES J. MEYER
cjmeyer@uspatent.com
WOODARD, EMHARDT, MORIARTY,
McNETT & HENRY
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204
(317) 713-4934 - Telephone
(317) 637-7561 - Facsimile
Attorneys for Defendant Dotcom Retail Ltd.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 21, 2011 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any counsel of record who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

/s/ Charles J. Meyer