CAMILO ECHAVARRIA (State Bar No. 192481)
  camiloechavarria@dwt.com
ANNA R. BUONO (State Bar No. 232753)
  annabuono@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
NB LABS, LTD. and CULT BEAUTY LTD.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUBONAU, INC., a California corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>NB LABS, LTD., a United Kingdom company, CULT BEAUTY LIMITED, a United Kingdom company, DOTCOM RETAIL LTD., a United Kingdom company, and DOES 1 through 10,<br><br>  Defendants. | Case No. **3:10-cv-2631-LAB-BGS**<br><br>**REPLY IN SUPPORT OF DEFENDANT NB LABS LIMITED'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Date: N/A<br>Time: N/A<br>Courtroom: 9<br><br>Assigned to Judge Larry Alan Burns<br><br>Action Filed: December 21, 2010 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1

II. NO FACTS SUPPORT EXERCISE OF JURISDICTION OVER NON-RESIDENT NB LABS ........................................................................................ 2

    A. The Parties Agree That There Is No General Jurisdiction ................... 2

    B. No Basis Exists For Traditional Specific Jurisdiction Or Rule 4(k)(2) Jurisdiction .................................................................................. 3

        1. Specific Jurisdiction Does Not Exist Because NB Labs Did Not Purposefully Direct Activity To California Or The United States .................................................. 3

            a. NB Labs's internet presence does not establish express aiming for specific jurisdiction .......................... 4

            b. NB Labs's other contacts also do not establish express aiming for specific jurisdiction .......................... 6

        2. No Facts Establish That The Claim Arises Out Of Forum-Related Activity ............................................................. 9

        3. Exercising Jurisdiction Over A Foreign Defendant Who Has Not Transacted Any Business In California Is Unreasonable ...................................................... 10

III. CONCLUSION .................................................................................................. 10

i

NB LABS, LTD'S REPLY ISO MOTION TO DISMISS
DWT 18717117v3 0093716-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Brayton Purcell LLP v. Recordon & Recordon*,
  606 F.3d 1124 (9th Cir. 2010) ............................................................................... 4

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ............................................................................................... 3

*Calder v. Jones*,
  465 U.S. 783 (1984) ............................................................................................... 3

*CollegeSource, Inc. v. AcademyOne, Inc.*,
  653 F.3d 1066 (9th Cir. 2011) ...............................................................................4

*Cybersell, Inc. v. Cybersell, Inc.*,
  130 F.3d 414 (9th Cir. 1997)................................................................................. 6

*Dole Food Co. v. Watts*,
  303 F.3d 1104 (9th Cir. 2002) ............................................................................... 7

*Ecodisc Tech. Ag v. DVD Format/Logo Lic. Corp.*,
  711 F. Supp. 2d 1074 (C.D. Cal. 2010) ................................................................. 3

*Facebook, Inc. v. Teachbook.com, LLC*,
  2011 U.S. Dist. LEXIS 48590 (N.D. Cal. May 2, 2011) ........................................ 5

*Glencore Grain Rotterdamn B.V. v. Sivnath Rai Harnarian Co.*,
  284 F.3d 1114 (9th Cir. 2002) ............................................................................ 10

*Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*,
  485 F.3d 450 (9th Cir. 2007)................................................................................. 3

*Life Alert Emergency Response, Inc. v. Lifealert Security, Inc.*,
  2008 U.S. Dist. LEXIS 105851 (C.D. Cal. Dec. 29, 2008).............................. 4, 6

*Love v. Associated Newspapers, Ltd.*,
  611 F.3d 601 (9th Cir. 2010)................................................................................. 5

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
  243 F. Supp. 2d 1073 (C.D. Cal. 2003) ................................................................. 9

ii

NB LABS, LTD'S REPLY ISO MOTION TO DISMISS
DWT 18717117v3 0093716-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*One True Vine, LLC v. Liquid Brands LLC*,
  2011 U.S. Dist. LEXIS 58322 (N.D. Cal. May 27, 2011) ................................. 3, 8, 9

*Pebble Beach Co. v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006) ........................................................................ 5

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) .......................................................................... 3

*Terracom v. Valley Nat. Bank*,
  49 F.3d 555 (9th Cir. 1995) ........................................................................ 9, 10

*Toys 'R' Us, Inc. v. Step Two, S.A.*,
  318 F.3d 446 (3d Cir. 2003) ........................................................................... 4

**RULES**

Federal Rule of Civil Procedure 4(k)(2) .................................................................. 1, 3

NB LABS, LTD'S REPLY ISO MOTION TO DISMISS
DWT 18717117v3 0093716-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# I. INTRODUCTION

Plaintiff's Opposition throws everything at the wall to see what sticks, submitting *every single page* of discovery responses and documents produced by all Defendants in this action and comingling the facts related to each defendant. And yet, even with all this, Plaintiff cannot escape the fact that NB Labs, Ltd. ("NB Labs") cannot be haled into Court in California. The evidence Plaintiff submits fails to establish the minimum contacts necessary for specific jurisdiction.[1]

Specific jurisdiction requires performing some act or transaction expressly aimed at *the forum* from which the claim arises, and that the exercise of jurisdiction is reasonable. Under Federal Rule of Civil Procedure 4(k)(2), the analysis is the same, looking to contacts with the United States as a whole. None of the facts demonstrate such conduct by NB Labs in California, and NB Labs' contacts with the United States as a whole are only marginally more significant than its bare contacts with California.

*First*, Plaintiff attempts to establish jurisdiction through NB Labs' internet presence. The facts, however, demonstrate that very little presence in the United States exists. NB Labs has had *zero* internet sales in California or the United States, has not promoted branded products to consumers in California or the United States, and actively has told customers and possible distributors that it will not sell to them. That there have been some "tweets" and Google "hits" is not evidence of intentional acts directed at California or the United States, *and* is not evidence of activity that could lead to any trademark claim. Likewise, applicable law dictates that having a ".com" website address is irrelevant to the jurisdictional analysis.

*Second*, review of NB Labs' activities after it was notified about Plaintiff's claims further shows the lack of contacts. The facts show that NB Labs ceased all

---

[1] Plaintiff does not argue that general jurisdiction exists.

1

NB LABS, LTD'S REPLY ISO MOTION TO DISMISS
DWT 18717117v3 0093716-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

activities in the United States at that time, and no product (including samples) was ever distributed or sold by NB Labs to anyone in California or the United States.

*Third*, pre-notification activities also do not lead to jurisdiction. Recognizing the lack of sales, Plaintiff focuses on contacts with a few *potential* retailers. But these contacts never materialized into contracts, orders, sales, or distribution of product. Also, Plaintiff makes much about a manufacturer in Florida who sends products to the United Kingdom. Mischaracterizing this manufacturer as a "distributor" does not make it so. As this Court recognized previously, this manufacturer is "of minimal jurisdictional significance in a trademark infringement case." (Docket No. 24 at 7:6-8.)

In short, Plaintiff's vigorous conduct to prevent NB Labs from entering the United States or California market resulted in exactly what Plaintiff wanted. NB Labs has not entered the market, and thus there is no jurisdiction over it. There have been no continuous and systematic contacts, nor have there been any acts expressly aimed at the forum from which Plaintiff's claims could arise such that exercise of personal jurisdiction over NB Labs would comport with due process.

## II. NO FACTS SUPPORT EXERCISE OF JURISDICTION OVER NON-RESIDENT NB LABS

### A. The Parties Agree That There Is No General Jurisdiction

As argued in the moving papers and as the Court has already noted, "it is hard to see how general personal jurisdiction could ever be established here." (Docket No. 24, Order Re: Jurisdictional Discovery at 3:8-9.) Recognizing it does not exist here, Plaintiff does not even argue for general jurisdiction in its Opposition. Therefore, this case can only proceed if Plaintiff can establish specific jurisdiction over NB Labs. (*See id.* at 3:12-14 ["If this Court can exercise personal jurisdiction over the Defendants, then, it will only be because NuboNau's claims truly arise out of Defendants' conduct in California"].)

NB LABS, LTD'S REPLY ISO MOTION TO DISMISS
DWT 18717117v3 0093716-000001

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**B.  No Basis Exists For Traditional Specific Jurisdiction Or Rule 4(k)(2) Jurisdiction**

**1.  Specific Jurisdiction Does Not Exist Because NB Labs Did Not Purposefully Direct Activity To California Or The United States**

As with its *Ex Parte* Application, Plaintiff continues to lump all of the Defendants together, disregarding the Court's admonition not to do so. (*See* Docket No. 24 at 7:10-11 [noting that "[o]ne problem . . . is that it lumps all of the Defendants together"].) Not only does Plaintiff improperly blur the lines between the three separate defendants, but it also blurs the line on the law applicable to establish specific jurisdiction. To be clear, "specific jurisdiction is tethered to a relationship between the forum and the claim." *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007). Although Rule 4(k)(2) expands that forum to the United States as a whole, the relationship to the claim still must exist – a high hurdle that Plaintiff cannot overcome. *Id.* at 462 ("[i]ndeed, in the fourteen years since Rule 4(k)(2) was enacted, none of our cases have countenanced jurisdiction under the rule."); *Ecodisc Tech. Ag v. DVD Format/Logo Lic. Corp.*, 711 F. Supp. 2d 1074, 1087 n.6 (C.D. Cal. 2010) ("Rule 4(k)(2) applies in rare situations.").

Purposeful direction requires intentional acts that are *expressly aimed* at the forum state and cause harm that the defendant knows is likely to be suffered in the forum state. *Calder v. Jones*, 465 U.S. 783, 789-790 (1984); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004). "[T]he infringement of a plaintiff's intellectual property rights with knowledge that plaintiff's operations are based in the forum and that the harm will be felt there, is insufficient to establish personal jurisdiction without a further showing that the defendant otherwise expressly aimed its activities at the forum." *One True Vine, LLC v. Liquid Brands LLC*, 2011 U.S. Dist. LEXIS 58322, *4 (N.D. Cal. May 27, 2011).

Indeed, "express aiming" requires evidence of "something more" to indicate an intent to injure the plaintiff. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473

NB LABS, LTD'S REPLY ISO MOTION TO DISMISS
DWT 18717117v3 0093716-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(1985). In cases finding "something more," there is evidence akin to intent. *See, e.g., Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010) (defendant plagiarized plaintiff's website); *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066 (9th Cir. 2011) (defendant copied and republished plaintiff's copyrighted catalog materials). No such evidence exists here.

### a. NB Labs' internet presence does not establish express aiming for specific jurisdiction

NB Labs' "internet presence" is not expressly aimed at California or the United States. Plaintiff argues all three defendants' operations of "interactive commercial websites that advertise the Nubo products to US visitors" equals purposeful availment in the United States. (Opp. at 18.) Plaintiff asserts this conclusion despite having *absolutely no evidence* that the NB Labs website targets the United States or that any NUBO-branded product was ever sold to any consumer in the United States through the NB Labs website. "The mere maintenance of an interactive website, without consummated commercial activity, is not sufficient to establish specific jurisdiction over a Defendant." *Life Alert Emergency Response, Inc. v. Lifealert Security, Inc.*, 2008 U.S. Dist. LEXIS 105851, *11 (C.D. Cal. Dec. 29, 2008). Indeed, "mere operation of a commercially interactive website should not subject the operator to jurisdiction anywhere in the world." *Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003). The facts establish that NB Labs' internet presence is far from the "something more" required to purposefully direct its conduct at the forum.

*First*, NB Labs' website is not directed toward California and, in fact, prohibits sales to the United States as a whole. (NBLABS 000104-000105 [Nye Decl. Ex. 6 at p. 137-138].) NB Labs' website states that NB Labs does not ship to the United States, and any inquiries to NB Labs seeking shipment to the United States were consistently refused. (NBLABS 000071-000097 [Nye Decl. Ex. 6 at p. 104-130].) NB Labs even affirmatively asked its resellers not to sell to the United States.

4

NB LABS, LTD'S REPLY ISO MOTION TO DISMISS
DWT 18717117v3 0093716-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(NBLABS 000098-000103 [Nye Decl. Ex. 6 at p. 131-136]; *see also* Shcherbinina Decl. in support of Opposition to Ex Parte ¶ 7.)[2] *See Facebook, Inc. v. Teachbook.com, LLC*, 2011 U.S. Dist. LEXIS 48590, *10 (N.D. Cal. May 2, 2011) (holding Facebook could not identify "something more" from operation of website where "Teachbook took purposeful steps to avoid the California market").

*Second*, the other side of the coin that NB Labs does not direct any internet activity to the United States is the fact that the NB Labs website's express aim is local. Plaintiff ignores the British and European target of the NB Labs website, as is evident from the pricing based on pounds sterling, charge of VAT tax, and use of British English. (Shcherbinina Decl. in support of Motion ¶ 5.) *See Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 609 (9th Cir. 2010). All of Plaintiff's focus is on the "effect" of maintaining a website on the Internet, but no facts demonstrate the existence of "something more" that would indicate express aiming at the forum. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006) (rejecting placing too much focus on the effect without evidence of "something more" to demonstrate purposeful direction at California or the United States). As such, and contrary to Plaintiff's argument, the use of a ".com" website is of negligible value in a jurisdictional analysis. *Id*.

*Third*, like many international businesses, NB Labs maintains a Twitter account, which is *not* an interactive platform and does *not* expressly target California or the United States. (NBLABS 000189-000278 [Nye Decl. Ex. 6 at p. 282-371].)

---

[2] In Opposition, Plaintiff misleadingly claims that NB Labs' Internet ads were displayed over 2 million times to United States residents. (Opp. at 8.) To the contrary, the 2 million "impressions" *were world-wide* and are not "hits" or "clicks." Google Analytics show closer to 1,000 "clicks" in total world-wide, 401 of which were for a campaign that did not include the United States as a location. (NBLABS 000282 [Nye Decl. Ex. 6 at p. 375].) The total *world-wide* clicks for the first two week campaign was 516 (NBLABS 000280 [Nye Decl. Ex. 6 at p. 373]) and the second campaign was 273 (NBLABS 000281 [Nye Decl. Ex. 6 at p. 374]).

NB LABS, LTD'S REPLY ISO MOTION TO DISMISS
DWT 18717117v3 0093716-000001

5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

The compiled information on direct tweets show that NB Labs has not directed tweets to any U.S.-based person. (NBLABS 000189-000196 [Nye Decl. Ex. 6 at p. 282-289].) Again, there is no evidence that the Twitter account is used for the "something more" that Courts require to find purposeful direction. Likewise, that NB Labs agreed to the accompanying contract of adhesion for use of Twitter to resolve disputes through San Francisco courts has nothing to do with the activity giving rise to this action and is thus irrelevant to the jurisdictional analysis. *See Life Alert*, 2008 U.S. Dist. LEXIS 105851 at *12 (finding that use of Google services and agreement to jurisdiction in Santa Clara does not apply to unrelated disputes).

*Fourth*, NB Labs subscribed to two Google AdWords promotions that applied to 15 and 27 countries, respectively. That the United States was one of those 42 countries is irrelevant because for both promotions, only 516 and 273 "clicks" resulted *world-wide*. (*See* NBLABS 000280-81 [Nye Decl. Ex. 6 at p. 373-4.) And, more important, neither campaign utilized the NUBO mark as a key word. (*Id.*)

At bottom, NB Labs' "internet presence" falls far short of meeting the requirements for interactivity under the *Zippo* sliding scale (*see Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418-419 (9th Cir. 1997)), and no sale through NB Labs has taken place in the United States on account of either its website or its Twitter account.[3]

### b. NB Labs' other contacts also do not establish express aiming for specific jurisdiction

None of the "facts" argued by Plaintiff for purposeful direction actually demonstrate the singling out, or "something more," that the purposeful direction test

---

[3] Plaintiff appears to argue that NB Labs should somehow restrict its website so that it cannot be accessed in the United States. Neither the Lanham Act nor any case law requires such an extreme action. The website states that NB Labs does not ship to the United States, and it has not done so. Therefore, NB Labs has not used the NUBO mark in commerce in the United States. Requiring anything more would exceed the scope of the Lanham Act.

6

NB LABS, LTD'S REPLY ISO MOTION TO DISMISS
DWT 18717117v3 0093716-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

requires. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).  Plaintiff ignores that NB Labs *avoided* something more.  After learning of Plaintiff's claims in August 2010 and conducting a brief investigation into those claims, all efforts at entering the United States market were halted, and *no product (including samples) was ever distributed or sold by NB Labs to anyone in California or the United States*.  (*See* Shcherbinina Decl. in support of Opp. to Ex Parte ¶ 6.)  Even when inquiries were made about shipping to the United States, NB Labs declined those sales.  (NBLABS 000071-000097 [Nye Decl. Ex. 6 at p. 104-130].)  NB Labs also directed its resellers not to sell to the United States.  (NBLABS 000098-000103 [Nye Decl. Ex. 6 at p. 131-136]; *see also* Shcherbinina Decl. in support of Opp. to Ex Parte ¶ 7.)  As a result of these actions, no sales have ever been made (or authorized) by NB Labs in the United States at all, much less California.  (Shcherbinina Decl. in support of Motion ¶ 6.)

Recognizing that these facts severely hamper Plaintiff's request for jurisdiction, it focuses on what transpired before NB Labs learned of Plaintiff's mark.  But those activities also are insufficient to establish jurisdiction:

- In late 2009-2010, NB Labs discussed its products with high-end luxury department stores and spas, such as Bergdorf Goodman, Henri Bendel, and The Plaza in New York.  No transaction ever occurred, and all discussions ceased once Plaintiff notified NB Labs of its claim.  (*See* NBLABS 000019, 000029, 000032, 000069 [Nye Decl. Ex. 6 at p. 52, 62, 65, 102].)

- In June & October 2009, and in June & July 2010, NB Labs shipped a limited number of *samples* to potential distributors and marketers.  (NBLABS 000164-000177 [Nye Decl. Ex. 6 at p. 197-209, 270].)  No sales resulted from these samples.  (*Id.*)

- In February 2010, NB Labs invited a bid from a consulting firm in New York to consider for launching its product.  After receiving the bid, NB Labs did not engage the consultant, and thus no contract was ever made.  NBLABS 000060-000064 [Nye Decl. Ex. 6 at p. 93-97]

- In July 2010, NB Labs attended an international business-to-business trade show in Las Vegas at which no consumers were allowed and no

NB LABS, LTD'S REPLY ISO MOTION TO DISMISS
DWT 18717117v3 0093716-000001

7

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

sales took place. No contracts came of that trade show. (NBLABS 000106-000109 [Nye Decl. Ex. 6 at p. 139-142].)

- In late-Summer 2010, NB Labs utilized a commission-based independent contractor (not an employee) to investigate United States-market possibilities. (NBLABS 000043-000045 [Nye Decl. Ex. 6 at p. 76-78].) The contractor did not promote the NUBO brand, but only sought potential opportunities for that brand and many others. (*See, e.g.*, NBLABS 000043-50 [Nye Decl. Ex. 6 at p. 76-83].) No accounts were set up, and no commissions were ever paid. Indeed, because of Plaintiff's claims, none of the samples and other items requested by the contractor was ever provided. (*See* NBLABS 000046 [Nye Decl. Ex. 6 at p. 79].)

- After learning of Plaintiff's claims in August 2010, for about one month while NB Labs investigated those claims it continued its efforts to determine if it there was a market for its products in the United States. (*See, e.g.*, Walker Decl. Exs. 4-6.)[4]

These contacts – where no product was sold, no advertising of the product occurred, and no relationship materialized – do not meet the "something more" requirement. Indeed, the only exchange of product occurred through the mailing of samples, which is irrelevant. As the Court held in *One True Vine, LLC*, "[t]he Court is unaware of any authority –and Plaintiff has failed to cite any – for the proposition that sending samples of a product to a prospective distributor is sufficient to meet the express aiming requirement." 2011 U.S. Dist. LEXIS 58322 at *13-14.

None of the other contacts Plaintiff relies upon meets the "something more" requirement. As this Court already noted, that a few of NB Labs' products are made by a Florida manufacturer "is of minimal jurisdictional significance in a trademark infringement case." Docket No. 24 at 7:6-8. At bottom, the Florida manufacturer only provided unfinished product to NB Labs, none of which was distributed for sale

---

[4] Plaintiff's assertion that NB Labs failed to produce an email where, a salesperson made claims to a purportedly interested potential client, is entirely false. The email exchange Plaintiff refers to is found at NBLABS 000016 [Nye Decl. Ex. 6 at p. 49]. Plaintiff's additional accusation that there are "deficiencies" in NB Labs' production is astounding considering Plaintiff never contacted NB Labs with any concerns.

8

NB LABS, LTD'S REPLY ISO MOTION TO DISMISS
DWT 18717117v3 0093716-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to any United States consumer or business. Likewise, despite the hearsay statement about a warehouse in Boston, the truth is that this statement was simply a salesperson's puffery and no such warehouse ever existed. (*See* Shcherbinina Decl. in support of Motion at ¶ 3.)

In sum, none of the hyperbolic purported "intentional acts" cited by Plaintiff have the nexus required to find jurisdiction. Even using every page of discovery provided by NB Labs, Plaintiff fails to present any evidence that NB Labs expressly aimed any wrongful conduct targeting Plaintiff in the forum.

### 2. No Facts Establish That The Claim Arises Out Of Forum-Related Activity

Even if Plaintiff could show purposeful direction – which it cannot – Plaintiff has to resort to intertwining the defendants in order to make it appear as though there are facts to show its claim against NB Labs *arises out of* forum-related activity. *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995). Because there are no activities in the forum by NB Labs, there is nothing by which Plaintiff can establish its claim.

Even outside of the forum, nothing NB Labs has done has caused any claim to arise out of its activity. Reliance on unrelated contacts for specific jurisdiction is improper. A specific jurisdiction analysis excludes contacts with a forum state that are merely incidental to the defendant's "overall corporate activities." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1085 (C.D. Cal. 2003). Plaintiff's trademark claims simply cannot be asserted in the United States. NB Labs has not sold product to any consumer in California or the United States, and the minimal sales by UK-based third-party resellers into California are of negligible value because they were orchestrated by Plaintiff and do not constitute conduct *by NB Labs*. *One True Vine*, 2011 U.S. Dist. LEXIS 58322 at *24.

As noted above, NB Labs actively avoids activity and sales in the United States and California, informing potential distributors and customers that it will not

9

NB LABS, LTD'S REPLY ISO MOTION TO DISMISS
DWT 18717117v3 0093716-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

do so. Short of going out of business entirely, it is hard to imagine what more NB Labs could do to prevent claims arising in the United States forum.

### 3. Exercising Jurisdiction Over A Foreign Defendant Who Has Not Transacted Any Business In California Is Unreasonable

Plaintiff has not made a prima facie case for specific jurisdiction over NB Labs. Even if it had, however, it would be unreasonable to hale NB Labs into Court in California. *Terracom*, 49 F.3d at 561. As NB Labs set out in its Opening Memorandum, none of the factors to determine whether the exercise of jurisdiction over a non-resident defendant comports with fair play and substantial justice weighs in favor of exercising jurisdiction. (*See* Memo at 20-25.) NB Labs' contacts with California barely exist, and its contacts with the United States as a whole are equally sparse. Plaintiff, on the other hand, has significant contacts with the United Kingdom – creation of its trademark and products, substantial interactions with UK companies, ownership of UK companies, and its owner being domiciled in the UK. In the end, it is unreasonable to hale a non-resident defendant into Court in California where it has never even travelled or made any transaction. *Glencore Grain Rotterdamn B.V. v. Sivnath Rai Harnarian Co.*, 284 F.3d 1114, 1125-1126 (9th Cir. 2002).

### III. CONCLUSION

For all of the foregoing reasons, NB Labs respectfully requests that this case be dismissed for lack of jurisdiction.

DATED: December 21, 2011

DAVIS WRIGHT TREMAINE LLP
CAMILO ECHAVARRIA
ANNA R. BUONO

By: /s/Camilo Echavarria
    _____
    Camilo Echavarria

Attorneys for Defendants
NB LABS, LTD. and CULT BEAUTY LTD.

10

NB LABS, LTD'S REPLY ISO MOTION TO DISMISS
DWT 18717117v3 0093716-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | |
|---|---|
| 1 | CERTIFICATE OF SERVICE |
| 2 | The undersigned hereby certifies that a true and correct copy of the above and |
| 3 | foregoing document has been served on December 21, 2011 to all counsel of record |
| 4 | who are deemed to have consented to electronic service via the Court's CM/ECF |
| 5 | system per Civil Local Rule 5.4.  Any counsel of record who have not consented to |
| 6 | electronic service through the Court's CM/ECF system will be served by electronic |
| 7 | mail, first class mail, facsimile and/or overnight delivery. |

                                       s/ Camilo Echavarria
                                       Camilo Echavarria

DWT 17421962v1 0093716-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899