CAMILO ECHAVARRIA (State Bar No. 192481)
  camiloechavarria@dwt.com
ANNA R. BUONO (State Bar No. 232753)
  annabuono@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, California  90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
NB LABS, LTD. and CULT BEAUTY LTD.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUBONAU, INC., a California corporation,<br><br>            Plaintiff,<br><br>  vs.<br><br>NB LABS, LTD., a United Kingdom company, CULT BEAUTY LIMITED, a United Kingdom company, DOTCOM RETAIL LTD., a United Kingdom company, and DOES 1 through 10,<br><br>           Defendants. | Case No. **3:10-cv-2631-LAB-BGS**<br><br>**REPLY IN SUPPORT OF DEFENDANT CULT BEAUTY LIMITED'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Date:  N/A<br>Time:  N/A<br>Courtroom: 9<br><br>Assigned to Judge Larry Alan Burns<br><br>Action Filed:  December 21, 2010 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1

II. NO FACTS SUPPORT EXERCISE OF JURISDICTION OVER NON-RESIDENT CULT BEAUTY ................................................................................ 2

    A.    The Parties Agree That There Is No General Jurisdiction ................... 2

    B.    There Is No Colorable Showing Of Jurisdiction Under Rule 4(k)(2) ................................................................................................... 2

    C.    Cult Beauty's Contacts With California Cannot Support Specific Jurisdiction ........................................................................................... 3

        1.    Cult Beauty Has Not Performed Any Act Within The Forum Or Otherwise Purposefully Directed Its Activities At The Forum State ................................................... 3

        2.    Plaintiff's Claims Do Not Arise Out Of Cult Beauty's Forum-Related Activities ............................................... 6

        3.    The Exercise Of Jurisdiction Over Non-Resident Cult Beauty Would Be Unreasonable ......................................... 8

III. CONCLUSION ................................................................................................... 8

i

CULT BEAUTY LTD'S REPLY ISO MOTION TO DISMISS
DWT 18712418v2 0093716-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page

**CASES**

*Brayton Purcell LLP v. Recordon & Recordon*,
 606 F.3d 1124 (9th Cir. 2010) .................................................................................. 4

*Browne v. McCain*,
 612 F. Supp. 2d 1118 (C.D. Cal. 2009) .................................................................... 4

*Burger King Corp. v. Rudzewicz*,
 471 U.S. 462 (1985) .................................................................................................. 4

*Calder v. Jones*,
 465 U.S. 783 (1984) .................................................................................................. 4

*CollegeSource, Inc. v. AcademyOne, Inc.*,
 653 F.3d 1066 (9th Cir. 2011) . No ......................................................................... 4

*Cybersell, Inc. v. Cybersell, Inc.*,
 130 F.3d 414 (9th Cir. 1997) .................................................................................... 4

*Dole Foods Co. v. Watts*,
 303 F.3d 1104 (9th Cir. 2002) .................................................................................. 4

*Ecodisc Tech. Ag v. DVD Format/Logo Lic. Corp.*,
 711 F. Supp. 2d 1074 (C.D. Cal. 2010) .................................................................... 2

*Glencore Grain Rotterdamn B.V. v. Sivnath Rai Harnarian Co.*,
 284 F.3d 1114 (9th Cir. 2002) .............................................................................. 3, 8

*Helicopteros Nacionales, v. Hall*,
 466 US 408 (1984) .................................................................................................... 7

*Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*,
 485 F.3d 450 (9th Cir. 2007) ................................................................................ 2, 3

*Life Alert Emergency Response, Inc. v. Lifealert Security, Inc.*,
 2008 U.S. Dist. LEXIS 105851 (C.D. Cal. Dec. 29, 2008) ...................................... 7

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
 243 F. Supp. 2d 1073 (C.D. Cal. 2003) .................................................................... 5

CULT BEAUTY LTD'S REPLY ISO MOTION TO DISMISS
DWT 18712418v2 0093716-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Millenium Enterprises, Inc. v. Millenium Music, LP*,
   33 F. Supp. 2d 907 (D. Or. 1999) .................................................................................. 6

*Neuromechanical LLC v. Kiro Kids Pty Ltd, et al*,
   2011 WL 333337 (D. Ariz. 2011) .................................................................................. 7

*One True Vine, LLC v. Liquid Brands LLC*,
   2011 U.S. Dist. LEXIS 58322 (N.D. Cal. May 27, 2011) ............................................. 4

*Terracom v. Valley Nat. Bank*,
   49 F.3d 555 (9th Cir. 1995) ............................................................................................ 8

*The United States Olympic Committee v. Does 1-10*,
   2008 U.S. Dist. LEXIS 60498 (N.D. Cal. July 25, 2008) .............................................. 6

*Toys 'R' Us, Inc. v. Step Two, S.A.*,
   318 F.3d 446 (3d Cir. 2003) ........................................................................................... 7

**RULES**

Federal Rule of Civil Procedure 4(k)(2) .......................................................................... 1, 2, 3

iii

CULT BEAUTY LTD'S REPLY ISO MOTION TO DISMISS
DWT 18712418v2 0093716-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## I. INTRODUCTION

Plaintiff's Opposition throws everything at the wall to see what sticks, submitting *every single page* of discovery responses and documents produced by all Defendants in this action and comingling the facts related to each defendant. And yet, even with all this, Plaintiff cannot escape the fact that Cult Beauty, Ltd. ("Cult Beauty") cannot be haled into Court in California. The evidence Plaintiff submits fails to establish the minimum contacts necessary for specific jurisdiction.[1]

Specific jurisdiction requires performing some act or transaction expressly aimed at *the forum* from which the claim arises, and that the exercise of jurisdiction is reasonable. Under Federal Rule of Civil Procedure 4(k)(2), the analysis is the same, looking to contacts with the United States as a whole. Rule 4(k)(2) does not apply here, and even if it did, none of the facts demonstrate such conduct by Cult Beauty in California or the United States.

*First*, Plaintiff attempts to establish jurisdiction through Cult Beauty's internet presence. The facts, however, demonstrate that Cult Beauty's internet presence is not expressly aimed at the United States or California, nor has it resulted in the sale of NUBO-branded product – the only sales that could be at issue in this case – into California outside of two manufactured sales to Plaintiff's investigator. Moreover, the Cult Beauty website contains a disclaimer advising visitors that it will not ship NUBO-branded products to the United States. The business practices of maintaining a Twitter and Facebook account as well as sending world-wide email blasts likewise fail to demonstrate express aiming at California or the United States.

*Second*, any other contact with California or the United States that is unrelated to NUBO-branded products is irrelevant to Plaintiff's claim. Because the claims do not arise out of those contacts, such unrelated contacts are irrelevant to specific jurisdiction. But even if such contacts were relevant, they are so minimal that they

---

[1] Plaintiff does not argue that general jurisdiction exists.

1

CULT BEAUTY LTD'S REPLY ISO MOTION TO DISMISS
DWT 18712418v2 0093716-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

would be insufficient in the aggregate to confer jurisdiction over this United Kingdom-based online retailer.

*Third*, until this dispute arose, Cult Beauty was unaware of Plaintiff's existence. Without knowledge of Plaintiff, it could not have expressly aimed any conduct at the forum or have been likely to know it could cause harm there.

In short, no facts exist to establish purposeful direction out of which Plaintiff's claim arises. Therefore, Plaintiff cannot establish a prima facie case for personal jurisdiction over Cult Beauty. Accordingly, the Court should dismiss this action for lack of personal jurisdiction.

## II. NO FACTS SUPPORT EXERCISE OF JURISDICTION OVER NON-RESIDENT CULT BEAUTY

### A. The Parties Agree That There Is No General Jurisdiction

As argued in the moving papers and as the Court has already noted, "it is hard to see how general personal jurisdiction could ever be established here." (Docket No. 24, Order Re: Jurisdictional Discovery at 3:8-9.) Recognizing it does not exist here, Plaintiff does not even argue for general jurisdiction in its Opposition. Therefore, this case can only proceed if Plaintiff can establish specific jurisdiction over Cult Beauty. (*See id.* at 3:12-14 ["If this Court can exercise personal jurisdiction over the Defendants, then, it will only be because NuboNau's claims truly arise out of Defendants' conduct in California"].)

### B. There Is No Colorable Showing Of Jurisdiction Under Rule 4(k)(2)

Federal Rule of Civil Procedure 4(k)(2) only "applies in rare situations." *Ecodisc Tech. Ag v. DVD Format/Logo Lic. Corp.*, 711 F. Supp. 2d 1074, 1087 n.6 (C.D. Cal. 2010); *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007) ("[i]ndeed, in the fourteen years since Rule 4(k)(2) was enacted, none of our cases have countenanced jurisdiction under the rule."). This is not such a case. In fact, this Court already determined that, "[w]ithout any evidence that [Defendant] has sold NUBO products outside of California in the United States, NuboNau has

CULT BEAUTY LTD'S REPLY ISO MOTION TO DISMISS
DWT 18712418v2 0093716-000001

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

made no colorable showing that jurisdiction arises here pursuant to Rule 4(k)(2)." *Id.* at 8:4-7; 9:13-16. After jurisdictional discovery, nothing has changed.

The facts demonstrate that no more than *two* purchases of NUBO products were made in California, both of which were manufactured by Plaintiff. (CB000012 [Nye Decl. Ex. 8 at p. 513].) Cult Beauty has made no sales of NUBO-branded product to any actual consumer in the forum. And, as was noted in the Declaration of Alexia Inge in support of Cult Beauty's Motion to Dismiss, only one other sale of NUBO-branded product has ever been made in the United States, which was to a friend in New York City. (Inge Decl. at ¶ 8.) Plaintiff points to no other NUBO-product-related conduct in the United States that would alter the analysis. Accordingly, there are insufficient contacts for jurisdiction under Federal Rule of Civil Procedure 4(k)(2).

C. **<u>Cult Beauty's Contacts With California Cannot Support Specific Jurisdiction</u>**

Specific jurisdiction can only be exercised where "the cause of action arises out of or has a substantial connection to the defendant's contacts with the forum." *Glencore Grain Rotterdamn B.V. v. Sivnath Rai Harnarian Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002); *see also Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) ("specific jurisdiction is tethered to a relationship between the forum and the claim."). Plaintiff cannot show that its cause of action arises out of Cult Beauty's nominal contacts with the forum. Therefore, the Court cannot exercise specific jurisdiction.

1. **Cult Beauty Has Not Performed Any Act Within The Forum Or Otherwise Purposefully Directed Its Activities At The Forum State**

In a tort action such as a trademark infringement case, the plaintiff must demonstrate that a defendant purposefully directed its activities to the forum. Purposeful direction requires showing that a defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows

CULT BEAUTY LTD'S REPLY ISO MOTION TO DISMISS
DWT 18712418v2 0093716-000001
3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

is likely to be suffered in the forum state." *Dole Foods Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). This test requires more than mere existence of a website; it focuses on "something more" to indicate a defendant intended harm to the plaintiff. *Calder v. Jones*, 465 U.S. 783 (1984); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985).

That "something more" cannot be satisfied through the existence of Cult Beauty's website – and any reference to NUBO-branded products on that website – alone. "[T]he infringement of a plaintiff's intellectual property rights with knowledge that plaintiff's operations are based in the forum and that the harm will be felt there, is insufficient to establish personal jurisdiction without a further showing that the defendant otherwise expressly aimed its activities at the forum." *One True Vine, LLC v. Liquid Brands LLC*, 2011 U.S. Dist. LEXIS 58322, *4 (N.D. Cal. May 27, 2011). In cases finding "something more," there is evidence akin to intent. *See, e.g., Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010) (defendant plagiarized plaintiff's website); *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066 (9th Cir. 2011) (defendant copied and republished plaintiff's copyrighted catalog materials). No such evidence exists here.

Cult Beauty did not purposefully direct any act toward the forum state, much less any act that it knew could cause harm there. And Plaintiff does not even attempt to argue that it has. Indeed, Cult Beauty was not aware of Plaintiff's existence or claim until this dispute arose. (Inge Decl. ¶ 9.) Without knowledge of Plaintiff's existence, Cult Beauty could not have intended "something more." The knowledge of harm must be tied to an express aiming at the forum. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 420 (9th Cir. 1997); *Browne v. McCain*, 612 F. Supp. 2d 1118, 1125 (C.D. Cal. 2009).

Even if Cult Beauty had been aware of Plaintiff's existence, the evidence shows that Cult Beauty does not expressly aim any act at California, and in fact has very limited contact at all with the forum state. Cult Beauty is a United Kingdom-

4

CULT BEAUTY LTD'S REPLY ISO MOTION TO DISMISS
DWT 18712418v2 0093716-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

based online retailer, utilizing a ".uk" site, with language written in British English, prices in pounds sterling, and charges for a VAT tax. (Inge Decl. in support of Motion to Dismiss ¶¶ 3-6; Response to Interrogatory No. 1 [Nye Decl. Ex. 10 at p. 542-543].) It has no employees or other business connection to California. (*Id.*)

Likewise, it has made extremely limited sales to California – less than one half of one percent of all of its sales have been to residents of California. (CB 000001-000003 [Nye Decl. Ex. 8 at p. 502-504]; Response to Interrogatory No. 1 [Nye Decl. Ex. 10 at p. 542-543].) Of those sales, only two were sales of NUBO-branded product, both of which were purchased by Plaintiff's investigator, Michael Santoni. (CB000012 [Nye Decl. Ex. 8 at p. 513].) It has made very limited purchases of non-NUBO-branded product from suppliers in California – only 3 out of its 134 stocked brands (2%) come from California. (*Id.*) Less than one percent of its email subscribers are from California, and even those subscribers receive the same email marketing blasts as the other 20,000 subscribers. (CB000005 [Nye Decl. Ex. 8 at p. 506].)

Out of all of these facts, nothing exists to demonstrate that Cult Beauty expressly aimed the promotion or sale of *NUBO-branded products* toward California. Plaintiff has to prove that alleged harm arises from purposeful direct contacts and that "but for" the defendant's related contacts the harm would not have occurred. Reliance on *unrelated* contacts to support a claim for specific jurisdiction is improper. A specific jurisdiction analysis excludes contacts with a forum state that are merely incidental to the defendant's "overall corporate activities." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1085 (C.D. Cal. 2003).

Because Plaintiff has not – and cannot – point to any facts that would demonstrate purposeful direction by Cult Beauty, Plaintiff fails to make a prima facie case for jurisdiction.

5

CULT BEAUTY LTD'S REPLY ISO MOTION TO DISMISS
DWT 18712418v2 0093716-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### 2. Plaintiff's Claims Do Not Arise Out Of Cult Beauty's Forum-Related Activities

Plaintiff's Opposition attempts to utilize any potential contact Cult Beauty has with the United States as one that would give rise to personal jurisdiction. But nowhere in this purported litany of facts does Plaintiff demonstrate a single fact that would tie its trademark claim to any forum-related activity by Cult Beauty. Because the only forum-related activity by Cult Beauty is the orchestrated sale of two products to Plaintiff's investigator, no facts exist that give rise to Plaintiff's claim.

Plaintiff argues that "but for" Cult Beauty's online activities, no harm would have occurred. Opp. at 24. To the contrary, even with Cult Beauty's internet presence, only two "sales" of NUBO-branded product have ever been made into California (and only three into the United States as a whole). The two California sales were both to Plaintiff's investigator. (CB000012 [Nye Decl. Ex. 8 at p. 513].) These sales are of negligible value to the question of consumer confusion; the investigator could not have been confused, and thus these orchestrated sales cannot be sufficient for jurisdiction. *Millenium Enterprises, Inc. v. Millenium Music, LP*, 33 F. Supp. 2d 907, 911 (D. Or. 1999); *The United States Olympic Committee v. Does 1-10*, 2008 U.S. Dist. LEXIS 60498, *5 (N.D. Cal. July 25, 2008). *See also* Docket No. 24, Order Re Jurisdictional Discovery at 7:19-20 ("By itself, this kind of orchestrated purchase cannot give rise to personal jurisdiction over [Defendant] in California." (citation omitted)).

The four other types of contacts by Plaintiff have nothing to do with Plaintiff's alleged harm and are irrelevant. *First,* Cult Beauty's purchase of products from suppliers in California is completely unrelated to Plaintiff's claims. (CB000013-000029 [Nye Decl. Ex. 8 at p. 514-530].) Cult Beauty's 72 other sales of product to consumers in California also are not related, as none of those were NUBO-branded products. (CB 000001-000003 [Nye Decl. Ex. 8 at p. 502-504].)

6

CULT BEAUTY LTD'S REPLY ISO MOTION TO DISMISS
DWT 18712418v2 0093716-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Second,* nor can Plaintiff show that there is any correlation between website visits and harm to Plaintiff. Indeed, "mere operation of a commercially interactive website should not subject the operator to jurisdiction anywhere in the world." *Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003). These unrelated contacts are insufficient to satisfy the requirements of due process. *Helicopteros Nacionales, v. Hall*, 466 US 408 (1984) (purchasing helicopters, equipment and training services from a Texas manufacturer, a corporate officer visiting Texas to negotiate a contract, sending personnel to Texas for training and accepting checks from a New York bank was insufficient contacts under due process).

*Third*, Cult Beauty's Twitter, Facebook, and Mailchimp account contracts of adhesion have nothing to do with NUBO products or this dispute; thus, agreement to particular jurisdictions for the sake of disputes under those agreements is of no value to this jurisdictional analysis. *Life Alert Emergency Response, Inc. v. Lifealert Security, Inc.*, 2008 U.S. Dist. LEXIS 105851, *12 (C.D. Cal. Dec. 29, 2008) (rejecting the argument that use of Google services and agreement to jurisdiction in Santa Clara applies to disputes unrelated to use of that account).

*Fourth,* nor is any posting on Cult Beauty's Facebook page sufficient to show Plaintiff's claim arises out of forum-related activity. *See, Neuromechanical LLC v. Kiro Kids Pty Ltd, et al*, 2011 WL 333337 at *3-4 (D. Ariz. 2011) (nationwide advertisements do not constitute "individualized targeting"). Plaintiff argues that jurisdiction should be proper because Cult Beauty advertised "free worldwide shipping" for one day in November. Opp. at 11. Again, Plaintiff fails to tie that fact to its claim – *i.e.*, it was not a promotion of NUBO-branded products, nor did it result in the sale of NUBO-branded products to the United States or California. Indeed, such sales could not occur, as Cult Beauty has a disclaimer on its website that it cannot ship NUBO-branded products to the United States (*see, e.g.*, CB000010-000011 [Nye Decl. Ex. 8 at 511-512]). Therefore, Plaintiff cannot tie any activity by Cult Beauty to its purported claim.

7

CULT BEAUTY LTD'S REPLY ISO MOTION TO DISMISS
DWT 18712418v2 0093716-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Because the *only* forum-related activity by Cult Beauty from which Plaintiff's claims could arise was manufactured by the Plaintiff, Plaintiff fails to establish a prima facie case for jurisdiction over Cult Beauty.

### 3. The Exercise Of Jurisdiction Over Non-Resident Cult Beauty Would Be Unreasonable

Plaintiff has not made a prima facie case for assertion of specific jurisdiction over Cult Beauty. Even if it had, however, it would be unreasonable to hale Cult Beauty into Court in California. *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995). As Cult Beauty set out in its Opening Memorandum, none of the factors to determine whether the exercise of jurisdiction over a non-resident defendant comports with fair play and substantial justice weighs in favor of exercising jurisdiction. (*See* Memo at 18-24.) Cult Beauty's contacts with California barely exist, and the only contacts that would give rise to a claim were orchestrated by the Plaintiff. Plaintiff, on the other hand, has significant contacts with the United Kingdom – creation of its trademark and products, substantial interactions with UK companies, and ownership of UK companies. In the end, it is unreasonable to hale a non-resident defendant into Court in California under the facts of this case. *Glencore Grain*, 284 F.3d at 1125-1126.

### III. CONCLUSION

For all of the foregoing reasons, Cult Beauty respectfully requests that this case be dismissed for lack of personal jurisdiction.

DATED: December 21, 2011

DAVIS WRIGHT TREMAINE LLP
CAMILO ECHAVARRIA
ANNA R. BUONO

By: /s/Camilo Echavarria
Camilo Echavarria

Attorneys for Defendants NB LABS, LTD. and CULT BEAUTY LTD.

8

CULT BEAUTY LTD'S REPLY ISO MOTION TO DISMISS
DWT 18712418v2 0093716-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 21, 2011 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any counsel of record who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

 s/ Camilo Echavarria
Camilo Echavarria

DWT 17421962v1 0093716-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899